Herman E. KOHEN and Al B. Moll, Appellants,

v.

H. S. CROCKER COMPANY, Inc., Appellee.

No. 17188.

United States Court of Appeals Fifth Circuit.

Nov. 14, 1958.

Robert M. Sturrup, Miami, Fla. (Sturrup & Gautier, Miami, Fla., on the brief), for appellants.

Robert F. Underwood, Miami, Fla. (Knight, Smith, Underwood & Peters, Miami, Fla.), for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging: that a promissory note, executed by Royal Nevada Hotel and endorsed by defendants, was due and unpaid; and that it had been presented to the maker for payment and payment had been refused; plaintiff brought this suit against the defendants as endorsers to recover the amounts due and unpaid.

The defendants, admitting in their answer the execution of the note and their endorsements, and not denying any well pleaded fact alleged by plaintiff, pleaded as a defense: that the making of the note and their endorsements of it had been induced and procured by threats "constituting business compulsion and/or coercion, and/or duress". As stated in paragraphs 4, 5, and 6 of their answer, the defense was in substance that the maker, a corporation, in which they had a substantial financial investment and which was in a bad financial condition and being pressed by its various creditors, was indebted to plaintiff on an open account, and plaintiff, threatening proceedings in bankruptcy unless its demand was met, had demanded and procured the execution and endorsement of the note sued on. In addition, in paragraph 9, they redundantly alleged that the plaintiff had acquired the note with full knowledge of these facts.

Plaintiff moved to strike all of paragraph 9 and all of paragraphs 4, 5, and 6, except the first sentences of each, and the motion was granted. Thereafter plaintiff moved for judgment on the

pleadings and on the affidavit attached to the motion, and, the defendants filing no counter affidavit and making no request for an opportunity to present any material matter pertinent to a motion for summary judgment under Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., the court entered judgment for the amount sued for, and defendants have appealed.

Here on three specifications of error,[1] only the first two of which are urged, defendants correctly stating, "The rule is well settled that a motion to strike a defense in an answer admits the factual allegations of such defense", argue: that their answer stated two defenses, (1) business duress, and (2) that their endorsements were for the purpose of accommodating plaintiff in the negotiation and discounting of said note and not for the purpose of accommodating the maker of said note; that both of these defenses were good; and that in striking the defendants' pleadings and entering summary judgment for the plaintiff, the court erred.

For the reasons hereafter briefly stated, we reject both of these contentions. As the rule, stated by appellants themselves in their brief, and the authorities, cited by them and by the appellee, show, the law is settled that "business compulsion is not established merely by proof that consent was secured by the pressure of financial circumstances * * The doctrine of business compulsion cannot be predicated upon a demand which is lawful, upon doing or threatening to do that which a party has a legal right to do." 17 Am.Jur., "Duress and Undue Influence", Sec. 7, p. 564. In Williston on Contracts, Rev.Ed., Vol. 5, at Sec. 1606, the author states: "The pressure must be wrongful, and not all pressure is wrongful. The law provides certain means for the enforcement of their claims by creditors. It is not duress to threaten to take these means."

Under this rule, defendants' answer is wholly wanting in well pleaded factual allegations to support, indeed its well pleaded facts defeat, the claimed defense, and it is settled that mere conclusional allegations, such as, that plaintiff's threats constituted "business compulsion and/or coercion and/or duress", are not admitted by the motions to strike and for judgment. McGuire v. Todd, 5 Cir., 198 F.2d 60; Yglesias v. Gulfstream Park Racing Ass'n, 5 Cir., 201 F.2d 817; Dunn v. Gazzola, 1 Cir., 216 F.2d 709. In Collins v. Hardyman, 341 U.S. 651, at page 652, 71 S.Ct. 937, at page 937, 95 L.Ed. 1253, the Supreme Court stated:

"A motion to dismiss the amended complaint raises the issue of its sufficiency and, of course, requires us to accept its well-pleaded facts as the hypothesis for decision."

For the same reasons that the allegations of paragraph 6, relied on by appellants as supporting their second defense, "that their endorsement was for the sole purpose of accommodating plaintiff in the negotiation and discounting of the note and was not for the purpose of accommodating the maker of said note", are mere conclusional allegations and not well pleaded facts, that defense fails. It fails, too, for the additional reason that by specific reference it adopts and its sufficiency is determined by the factual allegations in paragraphs 4 and 5 with regard to the making and endorsement of the note, and these allegations specifically refute the defendants' contention that the endorsements were for the purpose of accommodating, not the maker, but the payee of the note.

Of appellant's general attack on the judgment, in the state of the pleadings it is sufficient to refer to the rule that a motion for judgment on the pleadings admits facts but does not admit conclusions of law. Rosenhan v. United States, 10 Cir., 131 F.2d 932, and the

---

1. (1) The District Court erred in entering its order granting plaintiff's motion to strike certain portions of defendants' answer.

(2) The District Court erred in entering a judgment on the pleadings.

(3) The District Court erred in entering its supplemental order taxing costs against defendants.

authorities above cited. Besides the judgment in this case was not a judgment on the pleadings but a summary judgment. Under Rule 12(c), matters outside the pleadings were presented to, and not excluded by, the court, and the motion must be treated as one for summary judgment to be disposed of as provided in Rule 56. The record before us showing nothing more than an attempt by a demand for a jury to defer the entry of judgment on the undisputed facts, it is plain that the judgment entered was demanded.

The judgment was right. It is affirmed.

JOHN R. BROWN, Circuit Judge, concurs in the result.