335 So.2d 851 (1976)
Albert L. SPILLERS, Etc., et Ux., Appellants,
v.
FIVE POINTS GUARANTY BANK, a Florida Banking Corporation, Appellee.
No. AA-357.
District Court of Appeal of Florida, First District.
July 20, 1976.
Rehearing Denied August 25, 1976.
Robert V. Palmer, David U. Tumin, Jacksonville, for appellants.
Edward McCarthy, Jr., of Freeman, Richardson, Watson, Slade, McCarthy & Kelly, Noah H. Jenerette, Jr., Jacksonville, for appellee.
*852 McCORD, Judge.
This action was brought in the court below by Five Points Guaranty Bank against Albert L. Spillers, etc., et ux., to foreclose a security agreement, pledge agreement and real estate mortgage. This is an interlocutory appeal from an order granting the bank's motion to strike the Spillers' affirmative defenses and to dismiss portions of the Spillers' counterclaim.
On April 1, 1975, the Spillers gave the bank a renewal note in the amount of $49,664.02 payable in 30 days. It was secured by a financing statement covering all equipment, furniture, fixtures and inventory of the Spillers' business, a life insurance policy, and a third mortgage on real estate. The bank's complaint sought foreclosure and the Spillers filed an answer admitting execution of a pledge agreement, a third mortgage, and an amended pledge agreement but setting up four affirmative defenses alleging invalidity of the instruments sued upon and a counterclaim. The first affirmative defense alleged that the Spillers proposed to the bank that the Spillers hold an art sale in the bank with the proceeds going to pay off the bank loan but that the bank president induced them to sign a pledge agreement to the effect that they could not remove their paintings from the bank until the indebtedness was paid in full; that he induced their agreement by threatening to put them out of business and by verbal abuse. The second affirmative defense alleged that the third mortgage on their home, given to obtain an extension on their loan, was obtained by the bank through verbal abuse and threats to close down their business; that these acts were committed when the bank president knew of Albert Spillers' poor physical and mental health. The third affirmative defense alleged that the bank induced the Spillers to sign the amended pledge agreement permitting the bank to sell the paintings held as collateral to anyone at any price through threats and verbal abuse. The fourth affirmative defense alleged that the amended pledge agreement was void under the provisions of § 679.501, Florida Statutes (a provision of the Uniform Commercial Code). The Spillers' counterclaim, seeking $500,000 damages, alleged that the bank had sold paintings under the original pledge agreement to preferred customers at discount prices and had induced the Spillers to sign the amended pledge agreement to legitimatize the violations and had intentionally inflicted emotional distress upon the Spillers. The court below granted the bank's motion to dismiss the four affirmative defenses and portions of the counterclaim.
The Spillers have raised three points on this appeal. First, they contend that threats to enforce rights through the institution of court proceedings render a contract void or voidable, depending upon the circumstances; that the allegations of their first, second and third affirmative defenses are sufficient defenses against the bank's foreclosure suit. While it is true that threats to enforce legal rights may constitute duress under certain circumstances, they do not constitute duress when the threat is to enforce existent legal rights. Duress would only occur when the threatened enforcement is to enforce rights which in fact are nonexistent. This would occur when the contract sought to be enforced is illegal as in the two cases cited by the Spillers in their brief  Singleton v. Foreman, 435 F.2d 962 (5th Cir.1970); and Wise v. Midtown Motors, 231 Minn. 46, 42 N.W.2d 404 (1950). It appears that in the case sub judice, however, the Spillers simply borrowed money from the bank and signed various security documents to secure their obligation as it was renewed from time to time. They were "coerced" into signing the various documents only in the sense that they had a choice of either signing them in return for renewals of their obligation or refusing to sign. A refusal could, of course, cause them to default on their obligation thereby putting the bank in position to accelerate the obligation and foreclose on their stock in trade, thus putting them out of business. While this was a type of coercion, it was not such coercion as gives rise *853 to duress and undue influence because the bank had a legal right to follow the course of action it took. The affirmative defenses and counterclaim relying on duress and undue influence are devoid of allegations that the bank did anything which it did not have a legal right to do. The general law on this point is stated in 25 Am.Jur.2d, Duress and Undue Influence § 18 (1966), which we quote in part as follows:
"As a general rule, it is not duress to threaten to do what one has a legal right to do. Nor is it duress to threaten to take any measure authorized by law and the circumstances of the case.
* * * * * *
"Thus, it is the established rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights... . Under the foregoing principles, the fact that a threat was made to resort to legal proceedings to collect a claim which was at least valid in part constitutes neither duress nor fraud such as will avoid liability on a compromise agreement. A threat to resort to remedies given by a contract, or to sue on a past-due note and to foreclose the lien securing such a note, or to foreclose, or exercise the power of sale in a mortgage, ... is not such duress as to justify rescission of a transaction induced thereby."
The U.S. Court of Appeals, Fifth Circuit, in Kohen v. H.S. Crocker Co., 260 F.2d 790 (1958), pointed out:
"... Business compulsion is not established merely by proof that consent was secured by the pressure of financial circumstances ... The doctrine of business compulsion cannot be predicated upon a demand which is lawful, upon doing or threatening to do that which a party has a legal right to do."
In support of this proposition, the Court of Appeals quoted from Williston on Contracts, Rev.Ed., Vol. 5, at § 1606, as follows:
"The pressure must be wrongful, and not all pressure is wrongful. The law provided certain means for the enforcement of their claims by creditors. It is not duress to threaten to take these means."
As to the allegations of the Spillers relating to abusive and insulting language, the general law is stated in 74 Am.Jur.2d, Torts § 32 (1974), as follows:
"It is a general rule that a cause of action may not be predicated upon mere rudeness or lack of consideration of one person for another."
It would follow that rudeness and lack of consideration for another does not constitute either a defense to an action for enforcement of a legal obligation or a cause of action in its own right. We find no error in the dismissal of the Spillers' first three affirmative defenses and their counterclaim.
The Spillers' point two relates to their fourth affirmative defense. This defense alleges that the amended pledge agreement is violative of the Uniform Commercial Code § 679.501, Florida Statutes, to the extent that it purports to authorize the bank to dispose of the Spillers' paintings (held as collateral) for any price or prices unilaterally decided upon by the bank and is therefore void and unenforceable. The aforesaid statute, however, relates only to defaults. While the Spillers may have been in default under an agreement prior to the amended pledge agreement and may thereby have had a valid defense had action been brought based upon that default, it affirmatively appears from the allegations of the Spillers that they executed an amended pledge agreement authorizing the action that was taken. It, thus, appears that the Spillers destroyed any previous defense they may have had on this point by the execution of the amended pledge agreement.
Finding, pursuant to Florida Appellate Rule 4.2 c, that the interlocutory appeal is without substantial merit, it is dismissed.
BOYER, C.J., and RAWLS, J., concur.