"This case is before the court on the defendant’s motion for judgment on the pleadings under Rule 38(c). The motion pertains only to the petition filed in action No. 400-76. We deny the motion without oral argument.
"Plaintiff, Cloide C. Branning, d/b/a Pleasant Point Plantation, a partnership, owns certain lands located in Beaufort County, State of South Carolina. The property is zoned for residential use and the plaintiff has been attempting to develop it into a residential subdivision. The property is located near or adjacent to a Marine Corps Air Station, which the Department of Navy operates in Beaufort County. It appears that the air flights to and from the Marine Corps Air Station have materially affected the desirability of using plaintiffs property for residential purposes. A July 1976 Department of Navy study of the effect of the noise and crash potential from the Marine Corps Air Station on the surrounding area concluded that plaintiffs property is located in a CNR Zone 3, the highest noise level. The location of residential units, hospitals, schools, and churches is not recommended within a CNR Zone 3 area.
"Defendant has moved for judgment on the grounds that, admitting all plaintiff alleges, the petition fails to state a claim for relief. Defendant contends the mere publishing of the July 1976 Department of Navy study, making public the fact that plaintiffs planned subdivision was not a desirable residential area, does not constitute grounds for a taking of plaintiffs property.
"A motion for judgment on the pleadings should be denied unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim. Brown v. Bullock, 194 F. *951 Supp. 207 (1961), aff’d 294 F. 2d 415 (1961); Rosenhan v. United States, 131 F. 2d 932 (1942), cert. denied, 318 U.S. 790 (1943); Kohen v. H. S. Crocker Co., 260 F. 2d 790 (1958). It has been established that air flights over property can result in a taking for which just compensation must be paid. United States v. Causby, 328 U.S. 256 (1946).[1] When involuntary taking was claimed, due to gunfire over the claimant’s property, greater liberality was allowed in the claimant’s pleadings. Portsmouth Harbor Land & Hotel Co. v. United States, 260 U.S. 327 (1922). Similarly, when it is by planes, since frequency and route data are all in the defendant’s custody, we should allow the plaintiff more liberality as the Court did in Portsmouth Harbor Land & Hotel Co.
"Here plaintiff alleges more than the mere publishing of the July 1976 Department of Navy study as a basis for the taking. In paragraph seven of the petition, plaintiff alleges 'that as a direct and proximate result of the operations of jet aircraft from the Marine Corps Air Station, Beaufort County, South Carolina, * * * the respondent has deprived the petitioner of the free and unmolested quiet enjoyment of his property.’ This allegation sounds analogous to the taking which was upheld in United States v. Causby, supra. Although defendant denies the above allegation and facts relating to it in its answer, it may be inferred from the general allegations that there were flights over plaintiffs property. Based upon plaintiffs allegations, this court is of the opinion that plaintiff has stated a claim upon which relief may be granted. Therefore,
"IT IS ORDERED that defendant’s motion for judgment on the pleadings is denied.”

 See also Gilliland v. United States, post at 953.