MARRERO LAND & IMPROVEMENT
ASSOCIATION, LTD., Plaintiff,

v.

The UNITED STATES, Defendant,

Lloyd James DRACHENBERG,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 91–1508L, 91–1509L.

United States Claims Court.

May 6, 1992.

Joseph E. LeBlanc Jr. and Margaret M. Sledge, New Orleans, La., for plaintiffs. Nesser, King & LeBlanc, of counsel.

Marc A. Smith, Washington, D.C., with whom was Acting Asst. Atty. Gen. Barry M. Hartman, for defendant. Elizabeth Griffin, U.S. Army Corps of Engineers, and Pat Rankin, U.S. E.P.A., of counsel.

## ORDER

NETTESHEIM, Judge.

These cases are before the court on defendant's motions for judgment on the pleadings. Argument is deemed unnecessary. Defendant contends that the first counts of the complaints of Marrero Land & Improvement Association, Limited ("plaintiff Marrero"), and Lloyd James Drachenberg, et al. ("plaintiff Drachenberg"), must be dismissed because the counts fail to state a claim upon which

relief can be granted and that the second counts of both plaintiffs' complaints must be dismissed because the Claims Court lacks jurisdiction to hear suits for money damages brought under the due process clause of the fifth amendment.

## FACTS

Counts I and II of plaintiff Marrero's complaint, identical to Counts I and II of plaintiff Drachenberg's complaint, save that "Peach Orchard Tract" appears in place of "Marrero Land Tracts" in plaintiff Drachenberg's complaint, state:

## FIRST COUNT

### Taking Without Just Compensation
#### XXIII.

The allegations set forth in paragraphs I through XXII are hereby realleged and reaverred in this Count I.

#### XXIV.

The action of the United States, acting by and through EPA, in exercising authority under Section 404(c) of the Clean Water Act to veto completion of the Project and to prohibit all beneficial uses of the Marrero Land Tracts has taken, destroyed, and deprived Petitioner of all economically viable use of the land and has frustrated, taken, and deprived Petitioner of reasonable investment-backed expectations for the development of the Marrero Land Tracts.

#### XXV.

As a result of these actions, the United States has taken Petitioner's property without just compensation in violation of the Fifth Amendment to the United States Constitution. Petitioner is entitled to an award of just compensation for the temporary taking of the Marrero Land Tracts prior to the exercise by the United States of authority under Section 404(c) and for a permanent taking of the Marrero Land Tracts by virtue of the 404(c) action.

## SECOND COUNT

### Denial of Due Process
#### XXVI.

The allegations of paragraphs I–XXV are hereby realleged and reaverred in this Count II.

#### XXVII.

In exercising authority under section 404(c), EPA acted in an arbitrary, capricious, and unreasonable manner which failed to advance any legitimate governmental interest and has resulted in a prohibition of any reasonable use of the Marrero Land Tracts by Petitioner.

#### XXVIII.

These actions by the United States have destroyed, taken and deprived Petitioner of all reasonable use of its property interest in the Marrero Land Tracts without due process of law and in violation of the Fifth Amendment to the United States Constitution.

#### XXIX.

Petitioner is entitled to recover money damages from the United States for the wrongful deprivation of Petitioner's property by the United States through the actions of EPA acting under color of federal law.

Defendant moved for judgment on the pleadings based on Counts I and II in both plaintiffs' complaints.[1]

## DISCUSSION

*Standards for motion for judgment on the pleadings*

RUSCC 12(c) governs motions for judgment on the pleadings and provides, in full:

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the

---

1. References to Counts I and II are the same counts in both complaints.

pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

" 'A motion for judgment on the pleadings should be denied unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim.' " *Johns–Manville Corp. v. United States,* 12 Cl.Ct. 1, 14 (1987) (quoting *Branning v. United States,* 215 Ct.Cl. 949, 950 (1977) (citations omitted)). Defendant asserts that Counts I and II of plaintiffs' complaints must be dismissed. Because these are the only counts pleaded by plaintiffs, defendant, in effect, is requesting that the court dismiss plaintiffs' complaints in their entirety. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations...." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Thus, the court must resolve whether Counts I and II adequately state a claim or claims on which relief can be granted by the Claims Court.

1. Count I

██ Defendant's argument with respect to Count I derives from the premise that the pleadings in Count II must be incorporated into Count I. Defendant contends: (1) that Count I and Count II were not pleaded in the alternative, and that Count II's allegation that "EPA acted in an arbitrary, capricious, and unreasonable manner...." is thus an element of plaintiffs' Count I taking claim; (2) that the characterization of the EPA action as arbitrary, capricious, and unreasonable assumes that EPA acted unlawfully; and (3) that the Claims Court has jurisdiction over a taking claim only when the government action at issue is lawful. Plaintiffs assert that RUSCC 8(e)(2) entitles them to plead inconsistent claims as two separate counts and that Counts I and II clearly are pleaded as separate claims. Plaintiffs also contend

that there is nothing in Count I that challenges the lawfulness of the EPA action.

RUSCC 8(e)(2) describes pleading in the alternative, as follows:

> *A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.* When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *A party may also state as many separate claims or defenses as the party has regardless of consistency* and whether based on legal or equitable grounds....

(Emphasis added.) RUSCC 8(e)(2) provides that a party may plead inconsistent claims and that a party may offer alternative statements on a single claim either in one count or in separate counts. The rule does not specify that a party must state that separate counts are being pleaded in the alternative to have the court consider the counts as alternative or distinct claims.

Count I of plaintiffs' complaints, on its face, is a separate claim from Count II. Count I is a claim based on a taking without just compensation, while Count II is a claim based on a violation of the due process clause. Count I does not reference Count II, and no basis is present for incorporating the pleadings of Count II into Count I. The court does not deem persuasive defendant's contention that plaintiffs' request in ¶ 3 of their prayer for relief—a request for monetary damages for the claims raised in both Counts I and II—indicates that the pleadings of Count II transmute into the pleadings of Count I. Plaintiffs distinguished the claims of Counts I and II in their prayer for relief, requesting in ¶ 1 that the court determine that the EPA action constituted a taking under the fifth amendment and requesting in ¶ 2 that the court determine that the EPA action was a violation of the due process clause of the fifth amendment. Plaintiffs' request in ¶ 3 for monetary damages for both claims does not provide a

basis for deeming the pleadings of Count II an element of Count I.

Count I states a valid taking claim for which the Claims Court may grant plaintiffs relief.[2]

### 2. Count II

■■■ Defendant's argument with respect to Count II is that the Claims Court lacks jurisdiction to hear claims for money damages brought under the due process clause of the fifth amendment. Defendant correctly asserts, quoting *Mack v. United States*, 225 Ct.Cl. 187, 191, 635 F.2d 828, 832 (1980), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981), that "[f]or the Claims Court to have jurisdiction, the constitutional provision, statute or regulation must 'mandate compensation from the Government by the award of money damages.'" *Accord United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976). Additionally, defendant correctly asserts that courts have established that the due process clause of the fifth amendment does not obligate the Government to pay money damages. *E.g., Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir.1988); *United States v. Connolly*, 716 F.2d 882, 887 (Fed.Cir.1983) (en banc), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Inupiat Community v. United States*, 230 Ct.Cl. 647, 662, 680 F.2d 122, 132, *cert. denied*, 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982). However, "where a claim appears to be within our jurisdictional statute, as for example one founded on statute or contract, that claim is not removed from our jurisdiction merely because a plaintiff must make a constitutional [due process] argument to prevail...." *Alabama Hospital Ass'n v. United States*, 228 Ct.Cl. 176, 181, 656 F.2d 606, 610 (1981), *cert. denied*, 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982); *see also Connolly*, 716 F.2d at 887 (discussing cases wherein Court of Claim's jurisdiction

derived from pay legislation and invocation of first amendment—a constitutional provision similar to the due process clause, in that it does not obligate the Government to pay money damages—viewed as part of claims that parties were illegally deprived of payment).

Thus, if the claim raised by plaintiffs in Count II of their complaints is based on a constitutional provision, statute, or regulation that requires the Government to pay damages, Count II will not be dismissed merely because it alleges that a violation of the due process clause triggered plaintiffs' entitlement to payment from the Government.

■■■ In Count II of the complaints, plaintiffs allege that the Government violated the due process clause, thereby taking their property. Under *Alabama Hospital* if plaintiffs have raised a valid taking claim in Count II, the court cannot dismiss Count II merely because plaintiffs assert that a violation of the due process clause resulted in the taking of their property. Consequently, the question for decision is whether the taking claim pleaded in Count II is a valid taking claim over which this court has jurisdiction.

Citing *Florida Rock Indus. v. United States*, 791 F.2d 893 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987), defendant contends that the Claims Court has jurisdiction over a taking claim only when the government action at issue is lawful.[3] Count II alleges that EPA acted in an arbitrary, capricious, and unreasonable manner. The Supreme Court, prior to *Florida Rock*, cautioned that its decisions "cast doubt on the right to recover in the Court of Claims on account of properties unlawfully taken." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585, 72 S.Ct. 863, 805–06, 96 L.Ed. 1153 (1952). In *Florida Rock* the Federal Circuit stated definitively that the Claims Court lacks jurisdiction over claims to "recover damages for unauthorized acts

---

**2.** The court does not address defendant's other contentions with respect to Count I since they presume that the pleadings of Count II must be read into Count I.

**3.** Defendant asserts this point with respect to Count I, but it is relevant to the court's determinations with respect to Count II.

of government officials." 791 F.2d at 898. The Federal Circuit explained: "In *Armijo v. United States,* 663 F.2d [90] at 93 [229 Ct.Cl. 34 (1981) ], the Court of Claims said of regulatory taking cases justiciable under the Tucker Act '[i]n such cases the characteristic feature is the defendant's use of *rightful* property, contract, or regulatory rights to control and prevent exercise of ownership rights the defendant is unwilling to purchase and pay for....'" *Florida Rock,* 791 F.2d at 899 (emphasis added by Federal Circuit). Plaintiffs, in asking the court to find that the EPA action was arbitrary, capricious, and unreasonable, are asking the court to find that EPA did not exert a rightful regulatory right.

Plaintiffs' allegations in Count II that EPA acted in an arbitrary, capricious, and unreasonable manner that resulted in a taking of their property amounts to a charge of an unlawful taking by EPA. In their opposition to defendant's motion, plaintiffs noted in discussing Count I that the validity of EPA's action had already been determined by a federal district court. Additionally, plaintiffs contend:

> There is nothing in Count I that alleges the EPA action at issue was arbitrary or capricious or that challenges the validity of the EPA action in any way. The claim in Count II is for money damages for a due process deprivation of property rights. Only money damages are sought. Plaintiff does not seek a declaration of the invalidity of the EPA action or an injunction against its enforcement....

Plf Marrero's Br. filed Mar. 23, 1992, at 10–11 (footnote omitted). It is unclear whether plaintiffs are contending by this language that they are not seeking a declaration of invalidity of the EPA action for purposes of Count I only or for purposes of both Counts I and II. In their discussion of Count II, plaintiffs do not address whether they challenge the validity of the EPA action. However, the arbitrary-and-capricious language of Count II alleges a claim based on the unlawfulness of EPA's action. Plaintiffs' discussion with respect to Count I of the complaints cannot alter their specific pleadings in Count II of their complaints.

*Florida Rock* established that the Claims Court is without jurisdiction to hear a claim for an unlawful taking. The Federal Circuit stated in *Florida Rock* that if the government agency lacks the authority to have undertaken the action at issue, dismissal of the complaint or transfer of the case is the appropriate action for the Claims Court to take. 791 F.2d at 898–89. Count II must be dismissed since it is a claim based on an unlawful taking for which the Claims Court has no jurisdiction to grant relief and since transfer of the claim would be ineffectual now that a federal district court has ruled on the lawfulness of the EPA action. *Creppel v. United States Army Corps of Engineers,* No. 77–25, 1988 WL 70103 (E.D.La. June 30, 1988).

## CONCLUSION

Accordingly, based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion is granted to the extent that Count II of both complaints is dismissed for lack of subject matter jurisdiction, and the motion otherwise is denied.

2. Pursuant to RUSCC 42(a), these cases are consolidated since they present common questions of law and fact and since consolidation of these actions would be in the interest of judicial economy.

3. The parties shall file by June 8, 1992, their Joint Preliminary Status Report addressing Count I.