Edward J. MACK

v.

The UNITED STATES.

No. 362–78.

United States Court of Claims.

Sept. 10, 1980.

Edward J. Mack, pro se.

Donnie Hoover, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before DAVIS, Judge, Presiding, KUN-ZIG and BENNETT, Judges.

## ON THE PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

### PER CURIAM:

This case comes before the court on defendant's motion, filed May 9, 1980, requesting that the court adopt the recommended decision of Trial Judge Kenneth R. Harkins, filed March 28, 1980, pursuant to Rule 54(b) on the parties' cross--motions for summary judgment, as the basis for its judgment in this case since plaintiff has filed no request for review thereof by the court and the time for so filing pursuant to the Rules of the court has expired. Upon consideration thereof, without oral argument, since the court agrees with the trial judge's recommended decision, as hereinafter set forth, it hereby affirms and adopts the decision as the basis for its judgment in this case. Therefore, it is concluded that plaintiff is not entitled to recover and, accordingly, plaintiff's motion for summary judgment is denied, defendant's cross-motion is granted and the petition is dismissed.

## OPINION OF TRIAL JUDGE

HARKINS, *Trial Judge*: Edward J. Mack, represented pro se, is a compensable disabled veteran entitled to a 10--point veteran preference. His claim is before the court on cross–motions for summary judgment.[1]

Plaintiff received an honorable discharge from the United States Army on May 11, 1973, after service from September 21, 1967. In August 1973, plaintiff traveled at his own expense to the Federal Republic of Germany, where he resided until September 15, 1978. During this period, plaintiff, who was not a dependent of military or civilian personnel stationed in foreign areas, worked as a civilian from January 2, 1974, to September 15, 1978, as a sales clerk or laborer for instrumentalities of the United States Government. Plaintiff claims the Department of the Army, Frankfurt Area Civilian Personnel Office (CPO), barred him from Federal employment by its failure to place his name on applicant eligibility lists as a disabled veteran entitled to veterans' preference and demands judgment for awards of backpay at levels GS–7, GS–9 and GS--11, effective 1974, 1976 and 1978 respectively. The facts alleged by plaintiff do not state a claim for relief within the jurisdiction of this court.

From June to August 1973, after his discharge from the Army, plaintiff was employed as a laundry supervisor in Chicago, Illinois. In November 1973, plaintiff applied for the position of laundry supervisor at the Frankfort Area CPO. In December 1973, after a routine inquiry, plaintiff was informed that his name had been removed from the employment list because he was not a dependent of either an active member of the Armed Forces, or of a current Federal employee. Department of Defense policy at that time, and subsequently, favored employment of dependents of civilian and military personnel stationed in foreign areas.[2]

Plaintiff asserts he filed an informal complaint with the commanding officer of the CPO, alleging impropriety in the handling of his application, and the commanding officer instructed the CPO personnel administrators to consider plaintiff's application for the laundry supervisor position.[3] Subse-

---

1. Plaintiff filed a motion for judgment on the pleadings on Feb. 9, 1979. Additional factual matters outside the pleadings, which were submitted on Feb. 16, 1979, and incorporated in the record by order, converted the motion to one for summary judgment pursuant to Rule 38(c). Defendant's cross–motion for summary judgment was filed on Apr. 11, 1979.

2. Memorandum for Assistant Secretaries of the Military Departments (M&RA), dated 28 Mar. 1972, signed by Carl W. Clewlow, Deputy As-sistant Secretary of Defense, Subject: "Employment of Dependents of Military and Civilian Personnel Stationed in Foreign Areas." and DoD Instruction 1400.23, Sept. 18, 1974, Subject: "Employment of Dependents of Military and Civilian Personnel Stationed in Foreign Areas."

3. Defendant has no records of any application by plaintiff to the Frankfurt Area CPO prior to Jan. 17, 1978. AR 340-18–B requires employment records to be destroyed after 2 years.

quently, subordinate personnel officials told plaintiff his application had been lost and required him to submit another. Although the position of laundry supervisor became open during this period, plaintiff failed to be hired.

On January 2, 1974, plaintiff obtained employment at Foodland, a store in Frankfurt owned by the European Exchange Service, an instrumentality of the United States Government. He worked there as a sales clerk until July 12, 1974.

While an employee of Foodland, plaintiff, on May 15, 1974, made a general application for employment at the Rhein–Main CPO. In his application, employment claimed a 10–point veteran preference. On July 10, 1974, plaintiff received a limited 12–month appointment as a laborer at the USAF, Europe–Mid East Post and Courier Region, Rhein–Main Air Force Base, with a "not to exceed" (NTE) date of July 9, 1975. Plaintiff's limited appointment at this installation was successively renewed three times. The last NTE date was July 24, 1978.

After January 1974, plaintiff continued to apply at the Frankfurt Area CPO for other positions. In October 1975, he applied for an opening as a Recreation Specialist, and, in 1976, he applied for a position as a laborer. In neither case was plaintiff successful; he was told it was because of the policy to favor dependents.

On January 17, 1978, plaintiff applied for employment as a warehouseman at the Frankfurt Area CPO. Although defendant claims plaintiff was placed on active referral, he was not employed through the Frankfurt Area CPO. On June 1, 1978, plaintiff applied for employment at the Rhein–Main CPO and was classified as eligible to be either an inventory management clerk (grade 3) or gardener (grade 4). On June 15, 1978, plaintiff voluntarily requested to resign from the Air Postal Squadron, Rhein–Main, effective June 17, 1978. His application stated he would be returning to the United States shortly for medical reasons.

On June 26, 1978, plaintiff accepted a regular full–time appointment as a gardener at the transient hotel facility, a nonappropriated fund instrumentality. On August 18, 1978, plaintiff tendered his resignation from the position as gardener, effective September 15, 1978, to return to the United States at the end of September. This was accepted on August 22, 1978.

On May 30, 1978, plaintiff had filed a motion seeking joinder in *Werner v. United States*, Ct.Cl. No. 327–77. By order dated July 14, 1978, the court denied plaintiff's motion without prejudice. Thereupon plaintiff filed his petition, while still a resident of West Germany, on August 4, 1978.

Plaintiff asserts he has been barred from public employment without cause in violation of his rights under the Veterans' Preference Act,[3a] the Back Pay Act,[4] the Antidiscrimination in Employment and the Equal Employment Opportunity Acts,[5] and the fifth amendment of the Constitution. This court has a specialized jurisdiction to award money damages for violations of substantive rights when sovereign immunity unequivocally has been waived.[6] To maintain a claim in this court, other than on a contract, a plaintiff must show that money presently is due from the United States because money has been improperly paid, property has been taken by the Government, or a particular provision of law confers a right to be paid a certain

---

Plaintiff's version of the facts is accepted for purposes of ruling on his motion for summary judgment.

**3a.** 5 U.S.C. §§ 3313–15, §§ 7511–12, and § 7701 (1976).

**4.** 5 U.S.C. § 5596 (1976).

**5.** 5 U.S.C. § 7151 and 42 U.S.C. § 2000e–16 (1976).

**6.** *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967).

sum.[7] The jurisdiction conferred by 28 U.S.C. § 1491 requires that the constitutional provision, statute or regulation cited by a plaintiff mandate compensation from the Government by the award of money damages.

■ Plaintiff asserts a claim based on two clauses of the fifth amendment, the just compensation clause, and the equal protection component of the due process clause.[8] Plaintiff does not have a taking claim under the just compensation clause because the provisions of the Veterans' Preference Act cited by plaintiff (5 U.S.C. §§ 3313–15) that establish applicant eligibility lists do not create an interest in property subject to being taken for public use. The Frankfurt Area CPO's failure to place plaintiff's name upon employment lists of the Department of the Army is not a "taking" of private real or personal property.

■ The fifth amendment does not contain an equal protection clause; it does, however, forbid discrimination that is so unjustifiable as to violate concepts of due process.[9] The equal protection component of the due process clause, unless fundamental rights, such as interstate movement or first amendment rights, are involved, is satisfied unless it is shown that the classification "is without any reasonable basis."[10] Defendant's failure to place plaintiff's name on employment lists would not involve the denial of such fundamental rights that a "compelling state interest" would be required to be shown to support the classification attacked.

■ The Supreme Court has found the equal protection component of the due process clause confers a right to be free from discrimination based on a classification by gender which does not serve important governmental objectives and which is not substantially related to the achievement of those objectives. Such discrimination involves fundamental rights and can be remedied by a claim for damages.[11]

■ In a series of cases, this court has recognized that the due process clause of the fifth amendment does not in itself obligate the Federal Government to pay money damages.[12] No statute or regulation provides for the payment of money for failure to place the name of a veteran entitled to a preference on an eligibility list; if any right grounded in the equal protection component of the due process clause has been violated, relief is not within the jurisdiction of this court. This court, accordingly, is not the forum to provide any relief plaintiff may be entitled to if such violations have occurred.

The *Davis* case involved a gender based discrimination, and her discharge from Government employment constituted an adverse personnel action suffered by a Government employee. None of these features apply to plaintiff's claim.

■ The classification utilized by the Department of Defense for employment in foreign areas is reasonable. Classification of employees, as dependents or nondependents, was designed to provide improved employment opportunities for dependents of military and civilian personnel so as to eliminate hardship experienced by military personnel in the lower grades and to reduce problems in morale. Recognition for veterans' preference in the maintenance of eligi-

---

7. *Eastport S.S. Corp. v. United States, supra* note 6, 178 Ct.Cl. at 605, 372 F.2d at 1007.

8. In relevant part, the fifth amendment provides:
"* * * nor shall any person * * * be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation."

9. *Shapiro v. Thompson,* 394 U.S. 618, 642, 89 S.Ct. 1322, 1335, 22 L.Ed.2d 600 (1969); *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954).

10. *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911).

11. *Davis v. Passman,* 439 U.S. 1113, 99 S.Ct. 1014, 59 L.Ed.2d 71 (1979).

12. *Walton v. United States,* 213 Ct.Cl. 755, 757 (1977); *Muehlen v. United States,* 209 Ct.Cl. 690 (1976).

bility lists was afforded within these classifications.[13]

Other sections of the Veterans' Preference Act cited by plaintiff do not support his claim. 5 U.S.C. §§ 7511–12 apply only when an adverse action has been taken against an employee entitled to veteran's preference. An adverse action is a removal or suspension of more than 30 days, furlough without pay, or reduction in rank or pay. Plaintiff did not suffer any of these results.[14] Plaintiff's relationship to the Frankfurt Area CPO was as an applicant, not as an employee.

 Plaintiff's claim that the failure to follow the applicant eligibility list procedure creates a claim under the Back Pay Act similarly is defective. The Back Pay Act was intended to grant a monetary cause of action only to Federal employees who were subjected to a reduction in their duly appointed emoluments or position.[15] Plaintiff has not been denied any such benefit, nor reduced in any position to which he had been appointed. Plaintiff never occupied, nor was he entitled to, any of the jobs for which he now claims backpay.

Plaintiff's assertion that he was wrongfully discriminated against under 5 U.S.C. § 7151 and 42 U.S.C. § 2000e- 16 equally is without merit. This court has ruled repeatedly that it has no jurisdiction over claims for backpay based upon such violations. The statutes prohibit discrimination in Federal employment based on race, color, religion, sex, or national origin. Failure to place plaintiff's name on eligibility lists does not involve any of these five categories.[16]

Accordingly, plaintiff's motion for summary judgment is denied, defendant's cross‐motion is allowed, and the petition is dismissed.

---

**13.** The policy memorandum dated Mar. 28, 1972, in part states:

"6. Separate applicant supply files will be maintained of available dependents and nondependents. The dependents applicant supply file will normally be used before the nondependent file when making selections. Veterans preference will apply within each supply file independently of the other." ˙

and DoD Instruction 1400.23 in part provides: "4. Separate applicant supply files will be maintained of available dependents and nondependents. The dependent applicant supply file will be used before the nondependent file when making selections. Veterans' Preference will apply within each supply file independently of the other."

**14.** *Werner v. United States*, Ct.Cl., 590 F.2d 344 (1978), *cert. denied*, 441 U.S. 963, 99 S.Ct. 2410, 60 L.Ed.2d 1068 (1979).

**15.** *United States v. Testan, supra* note 6, 424 U.S. at 407, 96 S.Ct. at 957.

**16.** *Clark v. United States*, 212 Ct.Cl. 590, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 101 (1977); *Williams v. United States*, 212 Ct.Cl. 544 (1976); *Brown v. G.S.A.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).