This case is before the court on defendant’s motion to dismiss. The plaintiff has not filed a response. After careful consideration and without oral argument, we grant defendant’s motion.
Plaintiff, J & L Janitorial Services, Inc., has filed a four count petition alleging that its contract to provide janitorial services for a Government building was terminated in breach of that agreement. Plaintiff also claims defendant is liable for racial discrimination and interference with contract and that in furtherance of these actions, defendant made improper deductions from its payments to plaintiff.
Plaintiff has not alleged that its claim was certified by the contractor as required by 41 U.S.C. § 605(c)(1) (Supp. Ill 1979) for claims exceeding $50,000. Defendant has moved to dismiss plaintiffs claim for damages on this ground. This court in Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 673 F. 2d 352 (1982), held that a contractor is precluded from bringing an action under the Contract Disputes Act in this court for more than $50,000 unless the claim is certified by the contractor. We therefore find that plaintiffs claim for damages on account of breach is not properly before us.
We also find that plaintiffs claim of racial discrimination is not properly before this court. Claims of racial discrimination based upon a statute may only be brought in district court. 28 U.S.C. § 1343; Brown v. General Services Administration, 425 U. S. 820 (1976); Williams v. United States, 212 Ct. Cl. 544 (1976). This court also has no jurisdiction over claims based upon the due process and equal protection guarantees of the Fifth Amendment since these provisions do not obligate the federal government to pay money damages. Carruth v. United States, 224 Ct. Cl. 422, 627 F. 2d 1068 (1980); Mack v. United States, 225 Ct. Cl. 187, 635 F. 2d 828 (1980), cert. denied, 451 U.S. 913 (1981).
*839 The Government contends plaintiffs claim of interference with contract, including its claim of improper deductions for purposes of harassment, sounds in tort. Williamson v. United States, 166 Ct. Cl. 239 (1964). If this claim is a tort claim, it is well settled that this court has no jurisdiction. 28 U.S.C. § 1491; Clark v. United States, 198 Ct. Cl. 593, 461 F. 2d 781, cert. denied, 409 U.S. 1028 (1972); Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967). Even if this claim is considered a breach of contract claim, it is not properly before us since plaintiff has failed to certify his claim. Paul E. Lehman, Inc., supra.
Plaintiff seeks to recover anticipated profits. The contract in question contains a standard termination for convenience clause. This court has held:
* * * By agreeing to incorporation of the termination provision, the contractor necessarily gives up this aspect of the common law formula [the right to anticipatory profits] whenever the termination article becomes operative. The contractor acquiesces in the substitution of a contractual rule under which profit is allowed only on the work actually done. [Nolan Brothers, Inc. v. United States, 186 Ct. Cl. 602, 608, 405 F. 2d 1250, 1254 (1969).]
Accord William Green Construction Co. v. United States, 201 Ct. Cl. 616, 477 F. 2d 930 (1973), cert. denied, 417 U.S. 909 (1974). Plaintiff therefore is not entitled to anticipated profits.
Plaintiff had also sued to set aside the Government’s claim for excess procurement costs. This issue, as the Government states, need not be certified and is properly before this court.
it is therefore ordered that the portions of plaintiffs petition as discussed above be dismissed for lack of jurisdiction.