This case is before the court for a second time following our opinion dated December 12, 1979. 222 Ct. Cl. 94, 612 F.2d 533 (1979). In our order of February 1, 1980, we suspended the decision announced in the opinion pending decision in Erika, Inc. v. United States, which has recently been decided by the Supreme Court. See 456 U.S. 201 (1982). In its Erika decision, the Supreme Court determined that this court lacks jurisdiction to review payment determinations made by a hearing officer pursuant to Part B of the Medicare Act, 42 U.S.C. §§ 1395j-1395w.
In our suspended opinion in this case, we made three determinations: (1) certain portions of plaintiffs petitions stated claims outside the jurisdiction of this court and must be dismissed and transferred to the appropriate district court, (2) certain "fragments” of plaintiffs petitions sought reimbursements under the Medicare program and constituted claims over which we could exercise jurisdiction, and (3) the government was entitled to partial summary judgment on its counterclaim under the False Claims Act, 31 U.S.C. §§ 231-35. 222 Ct.Cl. at 103-04, 612 F.2d at 538-39.
Plaintiffs petitions in the consolidated cases before us consist of numerous counts and what we previously described as a "great deal of underbrush.” Id. at 98, 612 F.2d at 535. Having reviewed those petitions, it appears that *994 plaintiff is seeking relief in this court under Part B of the Medicare Act, an action which the Supreme Court’s decision in Erika precludes us from entertaining. To the extent that our previous decision in this case concluded that we had jurisdiction over plaintiffs Medicare Act claims (point (2) above), that decision is vacated in light of the Supreme Court’s decision in Erika and plaintiffs claims are dismissed.
To the extent that plaintiffs petitions state claims which we originally determined to be beyond the jurisdiction of this court, those claims are returned to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1506, together with a certified copy of the record made here.
We turn finally to the government’s counterclaims under the False Claims Act.[1] The issue before us is whether our decision granting the government partial summary judgment on its counterclaim remains valid once we have determined that we lack jurisdiction over plaintiffs Part B Medicare Act claims. The answer to this question, which apparently is one of first impression in this court, lies in Court of Claims Rule 102(d), which provides in part:
(d) Effect of Counterclaim. No action over which the court has jurisdiction and in which the defendant has pleaded a counterclaim or filed a motion for leave to plead a counterclaim shall be dismissed over an objection by the defendant, unless the court determines that the counterclaim should also be dismissed . . . .” (emphasis added)
The effect of our ruling that we have no jurisdiction over any of the claims in the petition is to oust us of jurisdiction over the counterclaim. Only a district court would have jurisdiction over the claims there asserted. Rather than dismiss the counterclaim, however, we conclude that transfer of the government’s counterclaim along with plaintiffs claims would be in the interests of justice. See, e.g., Goewey v. United States, 222 Ct. Cl. 108, 612 F.2d 539, 541 (1979).
it is therefore ordered that plaintiffs claims under Part B of the Medicare Act are dismissed. Plaintiffs other *995 claims, which seek damages against private persons and injunctive relief, and the government’s counterclaims under the False Claims Act, are transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1506. Our decision of December 12, 1979, in this case is vacated and modified to the extent it is inconsistent with this order.

 The False Claims Act imposes a penalty on any person who presents for payment "any claim upon or against the Government of the United States . . . knowing such claim to be false, fictitious, or fraudulent. . . ." 31 U.S.C. § 231.