**Katherine Meincke JECHURA, a/k/a Shirley Morrison**

v.

**The UNITED STATES.**

No. 274–85C.

United States Claims Court.

April 16, 1986.

Katherine Meincke Jechura, pro se.

Sandra P. Spooner, with whom were Acting Asst. Attys. Gen. Richard K. Willard and David M. Cohen, Washington, D.C., for defendant.

ORDER ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

This case now comes before the court on the defendant's motion to dismiss or, in the alternative, for summary judgment, and the plaintiff's opposition to the motion. As both parties have submitted numerous documents of an evidentiary nature for the consideration of the court in connection with the pending motion, it will be necessary to consider the motion as one for summary judgment.

This court can grant a summary judgment under RUSCC 56(c) if the pleadings and the other papers before the court show that there is no genuine issue as to any

material fact, and that the moving party is entitled to a judgment as a matter of law.

### The Facts

■ The following statement of facts is based upon affidavits filed by the parties in support of the defendant's motion for summary judgment or in support of the plaintiff's opposition to the motion. The plaintiff's opposition to the motion contains language contradicting some of the material in "The Facts" derived from affidavits submitted by the defendant, but mere unsupported assertions are insufficient to overcome sworn material and to prevent the award of a summary judgment. *See Walker v. United States*, 192 Ct.Cl. 805, 810, 428 F.2d 1229, 1231 (1970); . *Royal Indemnity Co. v. United States*, 178 Ct.Cl. 46, 51–52, 371 F.2d 462, 465, *cert. denied*, 389 U.S. 833, 88 S.Ct. 33, 19 L.Ed.2d 93 (1967). Consequently, the factual statements in the defendant's affidavits are accepted as correct, despite the contradictory assertions in the plaintiff's opposition to the pending motion for summary judgment. *See Pacific Far East Line, Inc. v. United States*, 206 Ct.Cl. 378, 386, 513 F.2d 1355, 1359 (1975); *Curtis v. United States*, 144 Ct.Cl. 194, 199, 168 F.Supp. 213, 216 (1958), *cert. denied*, 361 U.S. 843, 80 S.Ct. 94, 4 L.Ed.2d 81 (1959), *reh'g denied*, 361 U.S. 941, 80 S.Ct. 375, 4 L.Ed.2d 361 (1960).

On February 17, 1983, the plaintiff was arrested by agents of the Federal Bureau of Investigation (FBI) and other law enforcement officers in Medford, Oregon, on a fugitive warrant. At the time, the plaintiff was known to the arresting officers as Kathryn Jechura, a/k/a Kathy Meincke. The officers were unaware that the plaintiff had used, or was using, Shirley Morrison as an alias.

At the time of her arrest, the plaintiff was in possession of a 1981 AMC Eagle station wagon, which was registered in the name of Shirley Morrison, 316 California Avenue, # 205, Reno, Nevada 98509. An inventory of the contents of the station wagon was made by the law enforcement officers, and the reported inventory included approximately 28.06 grams gross weight of suspected marihuana, contained in a small plastic bag. Upon the discovery of this substance, the vehicle was seized by personnel of the Drug Enforcement Administration for violation of 21 U.S.C. § 881 (1982). The plaintiff did not claim any ownership interest in the vehicle at the time of the seizure, and the government officials involved in the seizure of the vehicle were unaware at the time of any basis for such a claim.

On February 23, 1983, the plaintiff and her husband, Paul Jechura, were jointly indicted in the United States District Court for the Eastern District of Michigan on a conspiracy charge to defraud the United States, in violation of 18 U.S.C. § 371 (1982). In addition, Paul Jechura was charged with operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (1982), conspiracy to distribute marihuana, conspiracy to import marihuana with intent to distribute the drug, and six counts of income tax evasion. As a result of plea bargaining between Paul Jechura and the law enforcement officials in the Eastern District of Michigan, Paul Jechura pled guilty to the offenses of operating a continuing criminal enterprise and income tax evasion. The plaintiff was dismissed from the case in which she was jointly indicted with Paul Jechura.

On March 17, 1983, the Drug Enforcement Administration (DEA) office in Oregon mailed to Shirley Morrison, 316 California Avenue, # 205, Reno, Nevada 98509, a notice concerning the 1981 AMC Eagle station wagon that had been seized on February 17, 1983, at Medford, Oregon. The notice stated in part as follows:

> The value of the car has been established at $8,380.00, and steps are being taken to forfeit this vehicle pursuant to 19 USC 1607–1618 * * *.

> If you intend to file a petition for the remission or mitigation of this forfeiture, it must be filed in triplicate with this office within 30 days from the receipt of this letter and must conform to the re-

quirements outlined in the above authorities.

If you intend to place the matter in the United States District Court to contest the probable cause for this seizure, a claim and cost bond of $250.00 must be filed with this office on or before April 13, 1983. Indigent persons who desire to place the matter before the court, but who are unable to post the $250.00 bond, may file an Affidavit of Indigency. Further information on this is available from the Drug Enforcement Administration.

This notice was returned to the Drug Enforcement Administration with a notation on the envelope, "not at this address."

The Drug Enforcement Administration on March 24 and 31 and April 7, 1983, published in the Eugene, Oregon, "Register-Guard" a notice stating that on February 17, 1983, a 1981 AMC Eagle automobile was seized at Medford, Oregon, for violation of 28 U.S.C. § 881; that any person desiring to place the matter in the U.S. District Court in order to contest the probable cause for such seizure should file a claim and cost bond of $250.00, with approved sureties, on or before April 13, 1983; and that otherwise the property would be administratively forfeited pursuant to 19 U.S.C. § 1608. The notice also stated that interested parties might file petitions for remission or mitigation of forfeiture with the Special Agent in Charge pursuant to 19 U.S.C. § 1618, and certain cited regulations, without filing any claim and cost bond.

Neither the plaintiff nor anyone else filed a claim and bond by April 13, 1983, and no petition seeking remission or mitigation of forfeiture was received by the Drug Enforcement Administration from the plaintiff or anyone else. Consequently, the AMC Eagle station wagon was declared forfeited on April 14, 1983.

### The Litigation

On September 7, 1984, Katherine Meincke Jechura filed a complaint in the United States District Court for the Eastern District of Michigan against the United States. It was declared to be "a Civil Action, for personal loss and injury, caused by a Government agency seizing a personal vehicle." The statement of the claim alleged that the plaintiff "owned a AMC Eagle Station Wagon, which was seized by the F.B.I. on or about February 17, 1983, near Medford, Oregon"; that the plaintiff suffered from the loss of the use of the vehicle "to shop, to travel to and from work, to seek the Doctor for a small infant, Etc."; and that the plaintiff was distraught over the loss of the vehicle. The complaint asked for a judgment of $12,000, plus litigation expenses.

The Government filed a motion to dismiss in the District Court, and the plaintiff filed a motion for summary judgment.

In an order dated May 6, 1985, the District Court held that it lacked jurisdiction over the dispute, as the plaintiff asserted a claim based on federal law against the United States that exceeded $10,000 in amount. Consequently, the District Court denied the plaintiff's motion for summary judgment and, in lieu of granting the defendant's motion to dismiss, the District Court ordered that the case be transferred to the United States Court of Claims (Claims Court). The record of the case before the District Court was thereupon transferred to the Claims Court.

On August 12, 1985, the plaintiff refiled her complaint in this court, the language of the new complaint being virtually identical with the language of the complaint previously filed in the District Court. The Government subsequently filed the motion for summary judgment that is under consideration at the present time.

### Factual Conflicts in Record

An affidavit by Paul Felix Jechura, husband of the plaintiff, says that on or about March 1, 1983, he informed "John Gratz," agent for the Drug Enforcement Administration in the Eastern District of Michigan, that the vehicle seized in Medford, Oregon, was owned solely by the plaintiff, and was her personal property, although the vehicle

was registered in the name of Shirley Morrison, Reno, Nevada.

On the other hand, an affidavit by John Graetz, an agent of the DEA, states that he was never informed by Paul Jechura that the AMC Eagle station wagon was in fact owned solely by the plaintiff and was her personal property.

An affidavit by Kenneth M. Mogill states that in February 1983 he was retained to represent Katherine Meincke Jechura in connection with her arrest in or near Medford, Oregon, and her prosecution in the United States District Court for the Eastern District of Michigan. The affidavit further states that in connection with his representation of the plaintiff, he learned early on that a 1981 American Motors Eagle titled to "Shirley Morrison" had been seized by federal agents at or near the time of the plaintiff's arrest, and that the car, in fact, belonged to Mrs. Jechura. He says that on numerous occasions he raised the question of the release of this car with Ross Parker, Chief of the Criminal Division in the United States Attorney's Office for the Eastern District of Michigan.

In an affidavit by Ross Parker, he says that during the course of plea discussions, "Ken Mogil," attorney for Katherine Meincke, asked about a vehicle seized in Oregon. Mr. Parker says he told "Ken Mogil" that with respect to the seizure and forfeiture of the vehicle in Oregon, he would have to get in touch with the Drug Enforcement Administration in Oregon.

As stated earlier, neither the plaintiff personally nor her counsel intervened in the forfeiture proceedings before the Drug Enforcement Administration in Oregon.

■ Uncertainty as to when the prosecutorial officers in the Eastern District of Michigan were put on notice that the plaintiff claimed to be the owner of the AMC Eagle station wagon does not, in the opinion of the court, require the denial of the pending motion for summary judgment. That is not a material issue of fact, in view of the posture of the case, as discussed hereafter.

*Discussion*

The complaint filed by the plaintiff in the District Court and in this court endeavors to present a cause of action based upon the alleged taking, for public use, by a government agency of an automobile belonging to the plaintiff. The Fifth Amendment to the Constitution mandates that, in such a situation, the property owner shall receive just compensation for his or her property.

Unfortunately for the plaintiff, however, the uncontradicted facts in the case show that the automobile in question was not taken by the Drug Enforcement Administration for public use. Rather, the facts show that the automobile was seized by the Drug Enforcement Administration, and was later forfeited to the United States, because of an administrative determination that the vehicle had been used to transport a controlled substance, and the failure of anyone claiming an ownership interest in the vehicle to intervene in the forfeiture proceedings or remove them to the local U.S. District Court.

The main thrust of the plaintiff's opposition to the pending motion for summary judgment is that the forfeiture of her automobile was allegedly accomplished without due process of law. It apparently is the plaintiff's view, in this connection, that due process required the Drug Enforcement Administration to serve on the plaintiff personally a notice of intention to forfeit the automobile. It should be noted, however, that the automobile had been seized from the personal possession of the plaintiff because of its alleged use in the transportation of marihuana, that the plaintiff did not claim any ownership interest in the automobile, and that the registration certificate showed that the vehicle belonged to Shirley Morrison, of Reno, Nevada.

It is not necessary to decide whether all the requirements of due process were fulfilled in connection with the forfeiture of the 1981 Eagle station wagon involved in this case.

■ Not every violation of some provision of the Constitution by the Government

gives rise to a compensable claim against the Government. *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). For example, although the Fifth Amendment to the Constitution provides that if private property is taken for public use, the property owner is entitled to just compensation for the value of the property, the same Fifth Amendment declares that a person shall not be deprived of property without due process of law, but says nothing about compensating a person if some aspect of due process is violated in connection with the forfeiture of property to the Government. Indeed, it has been held by courts that a violation of the due process clause of the Fifth Amendment by the Government does not provide a basis for a person to sue the Government for monetary damages. *Inupiat Community of the Arctic Slope v. United States,* 230 Ct.Cl. 647, 662, 680 F.2d 122, 132 (1982); *Mack v. United States,* 225 Ct.Cl. 187, 192, 635 F.2d 828, 832 (1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981).

### Conclusion

For the reasons previously stated, the court concludes that the plaintiff does not have a valid cause of action in connection with the forfeiture of the 1981 Eagle station wagon involved in this case.

The defendant's motion for summary judgment is therefore granted.

The clerk of the court will dismiss the complaint.

No costs.

IT IS SO ORDERED.