**Justo RICHARDS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–335C.**

United States Claims Court.

July 9, 1990.

Justo Richards, pro se.

## ORDER

HORN, Judge.

On April 19, 1990, Justo Richards, currently incarcerated at Attica Penitentiary in Elmira, New York, proceeding *pro se*, filed a claim for damages against the United States in the United States Claims Court. In his Complaint, plaintiff alleges that this action arises under: Title 28 of the United States Code, section 1346(a)(2) (1988) and the First and Fifth Amendments to the United States Constitution. In addition, plaintiff states that jurisdiction is predicated upon 28 U.S.C. §§ 1491 and 2502 (1988). In his Complaint, plaintiff seeks redress for alleged violations of his constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

Based on a careful and thorough review of the facts, presented by the plaintiff in his papers, in a light most favorable to the plaintiff, an analysis of the statutory authority of the Court, and of the relevant legal precedent, it is the finding of this court that the United States Claims Court lacks the necessary jurisdiction to entertain plaintiff's claims for damages.

### FACTS

The facts relevant to the Complaint before the court, as presented by the plaintiff in the Complaint, as well as in the documents attached thereto, are as follows. In 1981, plaintiff murdered a Panamanian lottery salesman. It appears that the plaintiff and another individual shot the salesman and robbed him of the lottery tickets in his possession. One of these tickets apparently was a winning number.

On November 17, 1981, after plaintiff learned that the ticket he had was a winner, he attempted to cash the ticket. He went to the Gold Coast Bar to cash the ticket, but was told that he would have to take it to the Baby Grand Bar. At the Baby Grand Bar, he was told that the cashier was not there at the time and that he would have to return later in the afternoon. Plaintiff apparently did so, but the cashier, again, was not there. Plaintiff, then gave the winning ticket to a close friend to cash for him. Plaintiff later found that his friend had been arrested and that the tickets were considered as part of the evidence in a murder investigation. Plaintiff then

went to the police station where his friend was being held, apparently, at the exact moment when his friend was identifying the plaintiff from a series of mug shots.

On the following day, plaintiff was taken into custody and indicted. Subsequently, a jury found the plaintiff guilty of murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree. Plaintiff was sentenced to 25 years to life, 8⅓ to 25 and 5 to 15 years, respectively, on January 4, 1983.

After filing numerous actions in various courts, on April 19, 1990, plaintiff filed this Complaint in the United States Claims Court. The *pro se* plaintiff alleges jurisdiction under 28 U.S.C. §§ 1346(a)(2), 1491, and 2502 (1988).[1] In addition, the plaintiff, alleges violations of Title 28 of the United States Code, section 1346(a)(2), as well as the First, Fifth, and Fourteenth Amendments to the United States Constitution.

## DISCUSSION

The basic jurisdiction of the United States Claims Court is set forth in the Tucker Act, as codified at 28 U.S.C. § 1491 (1988). *See also United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Grav v. United States,* 886 F.2d 1305, 1307 (Fed.Cir.1989); *Meincke v. United States,* 14 Cl.Ct. 383, 385 (1988); *Eastport Steamship Corp v. United States,* 372 F.2d 1002, 1009, 178 Ct.Cl. 599, 605 (1967). In pertinent part, section 1491(a)(1) of Title 28 of the United States Code provides as follows:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purposes of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

The Tucker Act, however, does not create any independent substantive rights enforceable against the United States for money damages. *United States v. Mitchell,* 463 U.S. at 216, 103 S.Ct. at 2967 (1983); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, the Tucker Act is a jurisdictional statute which provides a forum for a judicial damages remedy against the United States for the violation of substantive rights in the Constitution, in Acts of Congress, in regulations of executive departments, or in express or implied contracts. To recover in the United States Claims Court, a party also must demonstrate that the basis for its substantive right to recover money damages exists in some other provision of the Constitution, Act of Congress, or executive department regulation, in which the government's sovereign immunity is specifically waived and the consent of the United States to be sued for money damages is stated. *Mitchell* at 212–17, 103 S.Ct. at 2965–68.

Moreover, not every claim arising under federal, constitutional, statutory or regulatory law satisfies the jurisdictional requirements of the Tucker Act. *Id.* at 216, 103 S.Ct. at 2967. To confer jurisdiction in the Claims Court, the claim must arise under a provision of the Constitution, federal law, or federal regulation which mandates the payment of money damages to compensate for return of money improperly paid or taken, or to compensate for a right to be paid a sum by the federal government. *Testan,* 424 U.S. at 400, 96 S.Ct. at 954; *Mitchell,* 463 U.S. at 218, 103 S.Ct. at 2968; *Eastport Steamship Corp.,* 178 Ct.Cl. at 605–07, 372 F.2d at 1009–10. The United States Court of Appeals for the

---

1. 28 U.S.C. § 2502 (1988) Aliens Privileges To Sue, by its own terms allows certain citizens or subjects of foreign governments the right to sue in the United States Claims Court "if the subject matter of the suit is otherwise within such court's jurisdiction."

Federal Circuit has stated the test as "whether the statutes or constitutional provisions allegedly violated, require the payment of money damages for the violation." *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 1318, 103 L.Ed.2d 587 (1989).

■ The plaintiff apparently seeks to invoke the court's jurisdiction, either pursuant to 28 U.S.C. § 1346(a)(2) (1988) or 28 U.S.C. § 1491 (1988). The major difference between 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1346(a)(2) is that section 1346(a)(2) of Title 28 of the United States Code, commonly referred to as the "Little Tucker Act" does not cover civil actions, other than tax suits, which exceed "$10,000 in amount, whereas 28 U.S.C. § 1491(a)(1) requires the amount in controversy to exceed $10,-000.00. In the instant case, plaintiff's Prayer for Relief, as included in his Complaint, indicates that; "The amount of these damages exceeds $10,000.00 dollars with interest from date the fraud was discovered." Plaintiff's claim therefore, cannot be founded on 28 U.S.C. § 1346(a)(2) (1988). Moreover, plaintiff cannot rely, as he apparently attempts to do, on 28 U.S.C. § 1346(a)(2), which is a jurisdictional statute, to provide the necessary substantive basis to meet the requirements of 28 U.S.C. § 1491 (1988).

■ Plaintiff next raises several claims of constitutional violations, also in an effort to fall within the court's jurisdiction under 28 U.S.C. § 1491 (1988). After a careful and thorough review of the plaintiff's Complaint and the accompanying attachments, although the plaintiff states that this action arises under the First and Fifth and Fourteenth Amendments to the United States Constitution, the court is unable to find any grounds to substantiate the alleged constitutional violations.

As best as the court can determine, the plaintiff is attempting to raise two Fifth Amendment arguments in an effort to invoke the court's jurisdiction. The first appears to be based on an alleged improper Fifth Amendment taking, the second, seems to be an alleged Fifth Amendment violation for what plaintiff describes as "civil rights violations," coupled with a Fourteenth Amendment civil rights claim.

The Fifth Amendment to the United States Constitution provides as follows: No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

In the Complaint, the plaintiff, alleges that:

Plaintiff [sic] property was taken and placed in evidence of a murder investigation. The grand jury was used to obtain an indictment with different evidence than that which the arrest was based on. At trial, the evidence used by the grand jury to indict, was not presented. The Court amended the accusatory instrument for it to conform to the proof the prosecutor wanted the jury to hear and not which the grand jury heard. My property was taken without just compensation.

It would appear that the plaintiff is seeking just compensation under the takings clause of the Fifth Amendment. As such, the court does not read in plaintiff's Complaint that he is claiming a due process violation, but that the government, although having acted lawfully, has failed to pay him the compensation which he claims is required by the Fifth Amendment.[2]

---

**2.** But, even if plaintiff had challenged the propriety of the actions of federal agents when they confiscated the lottery ticket, such a challenge would also be outside the jurisdiction of the United States Claims Court. *Trone v. United States,* 213 Ct.Cl. 571, 672 (1977).

■ The underlying principle of the just compensation remedy is that society may not impose a burden upon an individual which, in fairness and justice should be borne by society itself. *Armstrong v. United States,* 364 U.S. 40, 49, 80 S.Ct. 1563, 1569, 4 L.Ed.2d 1554 (1960). "This basic understanding of the [Fifth] Amendment makes clear that it is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." *First English Evangelical Lutheran Church of Glendale v. United States,* 482 U.S. 304, 315, 107 S.Ct. 2378, 2385–86, 96 L.Ed.2d 250 (1987). Courts have also recognized that under the Fifth Amendment, payment must be made even if government action is otherwise labeled, but has the effect of an exercise of the power of eminent domain. *Yuba Goldfields Inc., v. United States,* 723 F.2d 884, 887 (Fed. Cir.1983). Whether or not a particular action on the part of the government constitutes a taking, depends upon the circumstances of the case, *Langenegger v. United States,* 756 F.2d 1565, 1570 (Fed.Cir.), *cert. denied,* 474 U.S. 824, 106 S.Ct. 78, 88 L.Ed.2d 64 (1985), and upon federal, and not state law. *Bartz v. United States,* 633 F.2d 571, 581, 224 Ct.Cl. 583, 592 (1980), *cert. denied,* 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981).

For a suit claiming an improper taking under the Fifth Amendment to succeed, the plaintiff must file a Complaint in a timely fashion, and the suit must be instituted by the owner of the property. In that connection, it is well established by court decisions that if and when the Federal Government takes private property for public use, it is the owner—and only the owner—of such property, at the time of the taking, who it is entitled to receive compensation. *United States v. Dow,* 357 U.S. 17, 20–21, 78 S.Ct. 1039, 1043–44, 2 L.Ed.2d 1109 (1958).

In the case at bar, plaintiff has asserted that he is entitled to just compensation because his property, the winning Panamanian lottery ticket, was taken without compensation. The attachments provided by the plaintiff along with his Complaint, however, suggest that the property for which plaintiff is claiming compensation, the winning lottery ticket, was, perhaps, briefly in his possession, however, nowhere in the information presented to the court is there any evidence that he was the rightful owner. Based on the court's reading of the material presented, plaintiff was, at best in fleeting possession, albeit apparently unlawful, of the winning lottery ticket. Such fleeting possession does not rise to the level of ownership required by the Fifth Amendment to the United States Constitution in order for this court to award the plaintiff compensation under the takings clause.

■ The plaintiff further attempts to suggest that he has been denied equal protection under the Fourteenth Amendment to the Constitution, and that he has been subjected to racial discrimination. The Fourteenth Amendment to the United States Constitution, provides as follows:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

While the equal protection clause by its own terms applies only to state governments, the United States Supreme Court has applied the same standards to the federal government under the due process clause of the Fifth Amendment. *See Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The Fifth Amendment to the Constitution, upon which the plaintiff tries to base a claim, guarantees to individuals a basic standard of fairness in dealings with the federal government. *See In re Winship,* 397 U.S. 358, 359, 90 S.Ct. 1068, 1070, 25 L.Ed.2d 368 (1970).

The words of the equal protection clause of the Fourteenth Amendment however, do not create a cause of action for money damages. Therefore, this court lacks jurisdiction to grant relief for those claims which the plaintiff attempts to base on the constitutional guarantees of equal protection. *Muehlen v. United States*, 529 F.2d 533, 534, 209 Ct.Cl. 690, 690 (1976) (citing *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 178 Ct.Cl. 599 (1967)); *Mack v. United States*, 635 F.2d 828, 225 Ct.Cl. 187 (1980), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); *Connolly v. United States*, 554 F.Supp. 1250, 1260–61, 1 Cl.Ct. 312, 321–22 (1982), *modified* 716 F.2d 882 (Fed.Cir.1983), *cert denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Rogers v. United States*, 14 Cl.Ct. 39, 49–50 (1987), *aff'd*, 861 F.2d 729 (Fed. Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 1930, 104 L.Ed.2d 403 (1989) (citing *Alabama Hospital Association v. United States*, 656 F.2d 606, 611, 228 Ct.Cl. 176, 180 (1981), *cert. denied*, 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982) (additional citations omitted)); *Walton v. United States*, 213 Ct.Cl. 755, 757 (1977).

■ Finally, plaintiff's Complaint suggests that the District Court and other government employees acted fraudulently and in bad faith in their dealings with him. Even assuming, but by no means acknowledging, that plaintiff's allegations were found to be true, such claims sound in tort and as such also are clearly outside the jurisdiction of the United States Claims Court. 28 U.S.C. § 1491 (1988); *see also Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 178 Ct.Cl. 599 (1967); *Shaw v. United States*, 8 Cl.Ct. 796, 799 (1985); *Shanbaum v. United States*, 1 Cl.Ct. 177, 179 n. 3 (1982), *aff'd mem.*, 723 F.2d 69 (Fed.Cir.1983).

In conclusion, it is clear that the plaintiff's Complaint, under the standards discussed above, fails to state a cause of action for which relief can be granted by the United States Claims Court. Because the court has been unable to identify the nature of plaintiff's claims or to determine which person or party to identify as a proper defendant, it is unable to consider whether or not to Order this case transferred to another court.

Accordingly, the court, hereby ORDERS the case be dismissed.

IT IS SO ORDERED.