Raymond MONTOYA, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–945 C.

United States Claims Court.

Feb. 20, 1991.

---

ORDER

MOODY R. TIDWELL, III, Judge.

On January 22, 1991, Raymond Montoya submitted a complaint accompanied by a motion to proceed *in forma pauperis.* The case was submitted to these chambers for a determination of whether the complaint presented any issues justiciable before this court, and for ruling on the motion.

The court is satisfied that Mr. Montoya is indigent. He presently is incarcerated in the Central New Mexico Correctional Facility in Los Lunas, New Mexico, where he works for Corrections Industries for thirty-five cents an hour. He has certified that he is without cash or property to use towards the cost of filing and maintaining this action. *See* 28 U.S.C.A. § 1915(a). Accordingly, Mr. Montoya's motion to proceed *in forma pauperis* is allowed, and his complaint is to be filed.

Mr. Montoya seeks discovery of certain documents under RUSCC 27(a)(1), which requires that the complaint state "(A) that it is filed under this Rule 27. (sic) (B) the subject matter of a claim cognizable by this court, with as much particularity as plaintiff can provide; and (C) a description of the documents or things or other information required as definite as plaintiff can provide." Plaintiff has complied with subsections (A) and (C), but has failed to describe a claim within the jurisdiction of this court. RUSCC 27(a)(1)(B).

Mr. Montoya claimed that while incarcerated at the Federal Correctional Institute at Fort Worth, Texas, he developed a chronic sore throat that eventually led to a total laryngectomy. His claim is premised upon the argument that had defendant provided proper and timely medical treatment, a total laryngectomy would have been unnecessary. Mr. Montoya founds his suit upon 28 U.S.C. § 1491(a)(1), 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution.

The jurisdiction of this court is specific, and is set forth at 28 U.S.C. § 1491 *et seq.,* also known as the Tucker Act. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Grav v. United States,* 886 F.2d 1305, 1307 (Fed.Cir.1989); *Meincke v. United States,* 14 Cl.Ct. 383, 385 (1988); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1007

(1967). In pertinent part, § 1491(a)(1) provides:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act, however, does not create any independent substantive rights enforceable against the United States for money damages. *United States v. Mitchell*, 463 U.S. at 216, 103 S.Ct. at 2967; *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, the Tucker Act is a jurisdictional statute which provides a forum for a judicial damages remedy against the United States for the violation of substantive rights in the Constitution, Acts of Congress, executive department regulations, or express or implied contracts. To recover in the United States Claims Court, a party also must demonstrate that the basis for his substantive right to recover money damages exists in some other provision of the Constitution, Act of Congress, or executive department regulation, which specifically waives the government's sovereign immunity, and authorizes suit against the United States for money damages. *Mitchell*, 463 U.S. at 212–17, 103 S.Ct. at 2965–68.

Moreover, not every claim arising under federal, constitutional, statutory, or regulatory law satisfies the jurisdictional requirements of the Tucker Act. *Id.* at 216, 103 S.Ct. at 2967. To confer jurisdiction in the Claims Court, the law must mandate the payment of money damages to redress money improperly paid or taken, or to compensate for a right to be paid a sum by the federal government. *Testan*, 424 U.S. at 400, 96 S.Ct. at 954; *Mitchell*, 463 U.S. at 218, 103 S.Ct. at 2968; *Eastport S.S. Corp.*, 372 F.2d at 1007. The United States Court of Appeals for the Federal Circuit has stated the test as "whether the statutes or constitutional provisions alleg-

edly violated, require the payment of money damages for the violation." *Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir.1987), *cert. denied*, 489 U.S. 1055, 109 S.Ct. 1318, 103 L.Ed.2d 587 (1989). Mr. Montoya's citation to provisions of the Constitution and Laws of the United States fails the test. The Fourteenth Amendment to the Constitution provides:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

While the equal protection clause, by its own terms, applies only to state governments, the United States Supreme Court has applied the same standard to the federal government under the due process clause of the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The Fifth Amendment to the Constitution, upon which plaintiff impliedly based his claim, guarantees to individuals a basic standard of fairness, *i.e.*, equal protection, in dealing with the federal government. *See In re Winship*, 397 U.S. 358, 359, 90 S.Ct. 1068, 1069, 25 L.Ed.2d 368 (1970). The wording of the equal protection clause of the Fifth and Fourteenth Amendments, however, does not create a cause of action for money damages. Therefore, this court lacks jurisdiction to grant relief for those claims which plaintiff attempted to found upon the constitutional guarantees of equal protection. *Mack v. United States*, 225 Ct.Cl. 187, 635 F.2d 828 (1980), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); *Connolly v. United States*, 1 Cl.Ct. 312, 554 F.Supp. 1250 (1982), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Rogers v. United States*, 14 Cl.Ct. 39, 49–50 (1987) *aff'd*, 861 F.2d 729 (Fed.Cir.1988), *cert. denied*, 490 U.S. 1034,

109 S.Ct. 1930, 104 L.Ed.2d 403 (1989). The Fifth Amendment does contain a money mandating clause, *e.g.*, a proscription upon the United States not to take private property "for public use without just compensation." The complaint, however, addresses the "equal protection" and not the "taking" proviso. Nor, in the opinion of the court, could plaintiff's complaint be read with any degree of latitude to embrace a Fifth Amendment "taking" claim. *See Richards v. United States,* 20 Cl.Ct. 753, 757 (1990).

■ Mr. Montoya also sought jurisdiction under 42 U.S.C. § 1983. It is beyond argument that this court has no jurisdiction arising under 42 U.S.C. § 1983, because jurisdiction to adjudicate claims under this statute is limited to the district courts. *See* 42 U.S.C. § 1988; *Anderson v. United States,* 22 Cl.Ct. 178, 179 (1990); *Berdick v. United States,* 222 Ct.Cl. 94, 612 F.2d 533 (1979), *vacated in part on other grounds* 231 Ct.Cl. 993 (1982).

■ Finally, Mr. Montoya's complaint suggested that the United States and/or federal officers acted negligently and with a "continuous lack of concern or a careless disregard." Even assuming, but by no means acknowledging, that plaintiff's allegations are true, such claims sound in tort and, as such, are likewise without the jurisdiction of this court. 28 U.S.C. § 1491; *Eastport S.S. Corp. v. United States,* 372 F.2d at 1010; *Shaw v. United States,* 8 Cl.Ct. 796, 799 (1985).

Accordingly, the complaint is dismissed.

IT IS SO ORDERED.