**Randy Lee HAMMITT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 05–173 C.

United States Court of Federal Claims.

March 23, 2005.

1. The court makes no finding as to whether these claims are meritorious.

2. The court is also in receipt of plaintiff's Motion for Permissive Joinder of Party, received by the Clerk of the Court on February 3, 2005, but sent to chambers unfiled because, in contravention of

Randy Lee Hammitt, Gastonia, NC, pro se.

Nancy Kim, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Judge.

■ The court has before it plaintiff's Complaint in Tort, filed January 28, 2005. Plaintiff proceeds pro se with claims against various federal employees (including "unknown U.S. Marshals ... and two unknown supervisors of known and unknown U.S. Marshals") for numerous allegedly tortious acts. *See* Complaint in Tort (Compl.) at 1–2. Plaintiff alleges that United States employees "violated clearly established Constitutional law and Congressional Statutes, ... resulting in the torts" enumerated in plaintiff's complaint. *Id.* at 2. The complaint lists the following eight causes of action: "trespass," "invasion of privacy and intrusion," "assault and battery," "false arrest and imprisonment," "malicious abuse and use of process," "defamation," "intentional infliction of extreme emotional distress," "loss of consortium" and "breach of fiduciary duty and malfeasance." *Id.* at 21–30.[1] For the following reasons, the court determines that it does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) (2000) and DISMISSES plaintiff's complaint.[2]

The complaint cites as its basis for jurisdiction sections 1346 and 1491 of Title 28 of the United States Code. *See* Compl. at 3. Section 1346 provides that "[t]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of ... claim[s] against the United

Rule 5.1 of the Rules of the Court of Federal Claims, proof of service is missing. In light of this court's dismissal of the complaint for lack of jurisdiction, the Clerk of the Court is directed to RETURN this motion to plaintiff unfiled.

States ... in cases *not sounding in tort.*" 28 U.S.C. § 1346(a)(2) (2000) (emphasis added). Section 1491 contains the same provision, which expressly excludes tort claims from the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon ... claim[s] against the United States ... *not sounding in tort.*") (emphasis added).

In *Brown v. United States,* the Federal Circuit explains that "[t]he Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States." 105 F.3d 621, 623 (Fed. Cir.1997) (citing 28 U.S.C. § 1491(a) and *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)). The Federal Circuit in *Brown* affirmed this court's dismissal of pro se plaintiffs seeking compensation "for the wages the IRS had 'seized' without warrants." *Id.* at 622, 624. The Federal Circuit noted that plaintiffs' claims against the government for "'fraudulent assessment[s]' of tax penalties and 'Fourth Amendment fraudulent taking'" sought "damages allegedly resulting from tortious acts by the [g]overnment," and that the Court of Federal Claims lacks subject matter jurisdiction over these claims because, *inter alia,* claims of fraud sound in tort. *Id.* at 622, 624. Plaintiffs argued that their Fourth Amendment claims of "fraudulent taking" were based on the Constitution and did not sound in tort, but the Federal Circuit rejected this argument:

> Assuming, *arguendo,* that the appellants' argument has merit, the Court of Federal Claims would still lack jurisdiction over such complaints. Courts have consistently held that the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation.

*Id.* at 623 (citing *United States v. Mitchell,* 463 U.S. 206, 218, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) and *Murray v. United States,* 817 F.2d 1580, 1582–83 (Fed.Cir.1987)).

This court's predecessor outlined the money-mandating requirement for invoking jurisdiction in *Montoya v. United States,* 22 Cl. Ct. 568 (1991):

> [N]ot every claim arising under federal, constitutional, statutory, or regulatory law satisfies the jurisdictional requirements of the Tucker Act. To confer jurisdiction in the [Court of Federal Claims], the law must mandate the payment of money damages to redress money improperly paid or taken, or to compensate for a right to be paid a sum by the federal government.

*Id.* at 570 (citations omitted). While noting that the Fifth Amendment, which applies the Fourteenth Amendment to the federal government, "guarantees to individuals a basic standard of fairness, *i.e.,* equal protection, in dealing with the federal government," the Claims Court iterated that "the equal protection clause ... does not create a cause of action for money damages" and thus its violation may not be the basis for jurisdiction under the Tucker Act. *Id.* at 570–71 (citing *Mack v. United States,* 225 Ct.Cl. 187, 635 F.2d 828, 832 (1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); *Connolly v. United States,* 554 F.Supp. 1250, 1260 (Cl.Ct.1982), *rev'd on other grounds by* 716 F.2d 882 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); and *Rogers v. United States,* 14 Cl. Ct. 39, 49–50 (1987), *aff'd,* 861 F.2d 729 (Fed. Cir.1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1930, 104 L.Ed.2d 403 (1989)). The court also denied jurisdiction based on plaintiff's allegations that "the United States and/or federal officers acted negligently and with 'a continuous lack of concern or a careless disregard,'" because "such claims sound in tort and ... are likewise without the jurisdiction of this court." *Id.* at 571 (citing 28 U.S.C. § 1491; *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1010 (1967); and *Shaw v. United States,* 8 Cl.Ct. 796, 799 (1985)).

■ Finally, to the extent that plaintiff's complaint alleges that the United States is vicariously liable for the actions of its employees, the complaint fails to invoke the jurisdictional requirement that claims be brought against the United States. In *Brown,* the Federal Circuit pointed out that the exemplary damages plaintiffs sought "via

*Bivens* actions are also outside" the jurisdiction of the Court of Federal Claims:

> In *Bivens,* the Supreme Court held that a party may, under certain circumstances, bring an action [for money damages] for violations of constitutional rights against [g]overnment officials in their individual capacities.... The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.

*Brown,* 105 F.3d at 624 (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and 28 U.S.C. § 1491(a)).[3]

Because plaintiff's complaint sounds in tort and is not based upon violation of any money-mandating statute, it falls outside the jurisdiction of this court. Accordingly, the Clerk of the Court shall DISMISS plaintiff's complaint without prejudice.

IT IS SO ORDERED.

---

**3.** In an unpublished decision, the Federal Circuit also affirmed this court's dismissal for lack of subject matter jurisdiction where plaintiff alleged "that he was subjected to abuse and deprived of his constitutional and civil rights during the course of ... lawsuits" against the United States grounded in statutory and Constitutional violations. *Mosseri v. United States,* 232 F.3d 912, 912 (Table) (Fed.Cir.2000). "The constitutional, statutory, or regulatory provision relied upon to invoke jurisdiction, however, must be money-mandating; the Due Process and Equal Protection Clauses of the Fifth Amendment do not provide the basis for such jurisdiction." *Id.* (citing *Mullenberg v. United States,* 857 F.2d 770,

773 (Fed.Cir.1988)). Furthermore, the court rejected plaintiff's allusion to *Bivens* as a jurisdictional basis:

> *Bivens* ... contemplates proceedings against government officials personally; it provides no basis for a suit against the United States, and thus no basis for an action in the Court of Federal Claims. To the extent that [plaintiff's] complaint is understood to allege that the United States is vicariously liable for the actions of its officers, the complaint sounds in tort and is outside the jurisdiction of the Court of Federal Claims on that basis.

*Id.* (citing *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997) and 28 U.S.C. § 1491(a)(1)).