# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 99-50436

---

ROTHE DEVELOPMENT CORPORATION,

Plaintiffs-Appellants,

VERSUS

UNITED STATES DEPARTMENT OF DEFENSE
and
UNITED STATES DEPARTMENT OF THE AIR FORCE,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

October 27, 1999

---

Before JOLLY, SMITH, and WIENER,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Rothe Development Corporation ("Rothe"), a contractor, alleges that the United States Department of Defense and the Department of the Air Force violated its right to equal protection under the Fifth Amendment when it awarded a contract to a higher bidder, International Computers and Telecommunications, Inc., because of the race of ICT's owner, who is of Korean descent. Rothe seeks injunctive and declaratory relief and monetary damages to compensate it for bid preparation costs, and attorney's fees. The government claims that its race-based preference program under 10 U.S.C. § 2323 satisfies the strict scrutiny standard required under *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200 (1995). The district court agreed and granted summary judgment for defendants.

For the first time on appeal, and well into the briefing process, the government moves to dismiss the appeal for want of appellate jurisdiction, or in the alternative to transfer the appeal to the United States Court of Appeals for the Federal Circuit. Because we conclude that, under 28 U.S.C. § 1295(a)(2), we do not have jurisdiction, we transfer the appeal to the Federal Circuit.

The United States enjoys sovereign immunity from suit, which immunity can be waived only by act of Congress.[1] Such waiver

---

[1] *See United States v. Testan*, 424 U.S. 392, 398 (1976); *United States v. Mitchell*, 463 U.S.
(continued...)

"must be unequivocally expressed in statutory text . . . [and] will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192 (1996).

A waiver as to injunctive relief——but not monetary damages——can be found in § 702 of the Administrative Procedure Act, which permits parties "suffering legal wrong because of agency action" to file an "action in a court of the United States seeking relief other than money damages." 5 U.S.C. § 702.[2] We can only presume that Rothe brings its action for injunctive relief under § 702, for its complaint fails to cite any legal source giving district courts that power.

We similarly are left in the dark as to the basis for Rothe's claim for monetary damages. As with its claim for injunctive relief, we must find a basis for Rothe's damages action to determine whether sovereign immunity has been waived. In the district court, Rothe sought refuge in the Tucker Act, which waives sovereign immunity to suit for monetary damages on a wide variety of claims. *See United States v. Mitchell*, 463 U.S. 206, 212-16 (1983). Specifically, the Act confers on district courts original jurisdiction, concurrent with that of the Court of Federal Claims, over

> [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount,[3] founded either upon the

Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.[4]

28 U.S.C. § 1346(a)(2).

Assuming that Rothe's action for monetary damages arises under the Tucker Act——an issue we discuss below——the district court properly exercised original jurisdiction. Appellate jurisdiction, however, is conferred not on this court, but on the Federal Circuit, for the Act confers exclusive appellate jurisdiction on that court over cases in which district court jurisdiction is "based, in whole or in part," on § 1346(a)(2). *See* 28 U.S.C. § 1295(a)(2).

Rothe would prefer a partial dismissal or transfer to the Federal Circuit, limited to the appeal of its claim for bid preparation costs, but the plain language of § 1295(a)(2) does not permit such bifurcation, for, as we have said, all that is required to trigger exclusive appellate jurisdiction in the Federal Circuit is for jurisdiction in the district court to have been "based, in whole or in part," on § 1346(a)(2). *Id.* Thus, even had Rothe appealed only the denial of injunctive relief, the basis of district court jurisdiction would

---

(...continued)
206, 215-26 (1983).

[2] *See Sheehan v. Army & Air Force Exch. Serv.*, 619 F.2d 1132, 1139 (5th Cir. 1980), *rev'd on other grounds*, 456 U.S. 813 (1981) ("The 1976 amendment [to § 702] waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review.").

[3] Where such claims exceed $10,000 in amount, original jurisdiction vests exclusively in the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1). Appellate jurisdiction over such (continued...)

(...continued)
claims is exclusive in the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295(a)(3).

[4] The Tucker Act does not cover torts; that is the purpose of the FTCA. *See* 28 U.S.C. §§ 1346(b), 2674. *See also Carlson v. Green*, 446 U.S. 14, 28 n.1 (1980) (Powell, J., concurring) (noting that the FTCA "is not a federal remedial scheme at all, but a waiver of sovereign immunity that permits an injured claimant to recover damages against the United States where a private person 'would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'").

have been the same.[5]

Now, on appeal, Rothe denies that its complaint is premised on the Tucker Act. Presumably, it hopes to find another statutory vehicle for its damages claim, one that must also include an express, unequivocal waiver of sovereign immunity. What that vehicle would be, outside the Tucker Act, is far from evident, however, and Rothe offers precious little guidance on how otherwise it might recover. To the contrary, the Tucker Act appears to provide for Rothe's claim.

The Act is a jurisdictional statute. Because it does not provide an independent right of action, courts must look elsewhere for a source. *See United States v. Testan*, 424 U.S. 392, 400 (1976). The Act covers such a broad range of actions that it seems fruitless for Rothe to base its action anywhere else, given the facts of this case.

Two possibilities for Tucker Act recovery come to mind. Pleaded as an "equal protection" claim, Rothe's suit, at first blush, seems to fit squarely within the "founded . . . upon the Constitution" prong of the Tucker Act. *See* 28 U.S.C. § 1346(a)(2). After all, courts have already recognized an implied right of action against federal *officials* in the Constitution itself, for violations of equal protection under the Fifth Amendment. *See Davis v. Passman*, 442 U.S. 228, 242-43 (1979). The "founded upon the Constitution" clause of the Tucker Act has been limited to apply only to the Takings Clause, however, because only that clause contemplates payment by the federal *government*.[6] Nor is this limitation likely to be of much help to Rothe, for any attempt to justify recovery against the federal government on a constitutional theory

---

[5] *See also United States v. Hohri*, 482 U.S. 64, 69 n. 3 (1987) (stating in *dictum* that "bifurcation is inappropriate" because the "language of § 1295(a)(2) discusses jurisdiction over an appeal 'in a case,' not over an appeal from resolution of 'a claim'"); *Brant v. Cleveland Nat'l Forest Serv.*, 843 F.2d 1222, 1224 (9th Cir. 1988) (stating that "even the non-Tucker Act claims must be appealed to the Federal Circuit"); *Williams v. Secretary of the Navy*, 787 F.2d 552, 558 (Fed. Cir. 1986) ("Presence of additional allegations . . . does not divest [Federal Circuit] of its constitutionally granted jurisdiction of the entire case . . . . To hold to the contrary would defeat the purposes of Congress."); *Professional Managers' Ass'n v. United States*, 761 F.2d 740, 743-44 (D.C. Cir. 1985) (holding that "transfer of appeals to the Federal Circuit even in cases where a district court's jurisdiction was 'primarily' based on some jurisdictional grant other than the Tucker Act" is "compelled by the plain language of" § 1295(a)(2)).

[6] As the Claims Court has said,

It is well settled, that [under the Tucker Act, the Court of Federal Claims] has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages. . . . Thus, in order to fall within the jurisdiction of this Court, the plaintiffs must establish that their claims are based on a constitutional provision, statute, or regulation that can be fairly interpreted as mandating compensation by the Federal Government for the damages they sustained.

*Bellamy v. United States*, 7 Cl. Ct. 720, 723 (Cl. Ct. 1985) (citations omitted). *See also Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980); *Montoya v. United States*, 22 Cl. Ct. 568, 570 (Cl. Ct. 1991). In fact, "courts have uniformly held that jurisdiction under the 'founded upon the constitution' grant of the Tucker Act is limited to claims under the 'takings clause' of the Fifth Amendment." *Clark v. Library of Congress*, 750 F.2d 89, 103 n. 31 (D.C. Cir. 1984); *see also Testan*, 424 U.S. at 401 (noting that takings cases are permitted under the Tucker Act because Takings Clause is self-executing). There was a brief flirtation with allowing First Amendment claims under the Tucker Act, *see, e.g., Jackson v. United States*, 192 Ct. Cl. 765, 428 F.2d 844 (Ct. Cl. 1970), but the Federal Circuit has since embraced the takings-clause-only-approach. *See United States v. Connolly*, 716 F.2d 882, 886-87 (Fed. Cir. 1983).

outside the Tucker Act would run squarely afoul of the Act's unambiguous language.

The government characterizes Rothe's claim as one arising out of an "implied contract with the United States," another trigger for the Tucker Act. *See* 28 U.S.C. § 1346(a)(2). In support, the government cites a number of cases that establish "an implied-in-fact contract to treat a bid honestly and fairly." *See Coflexip & Servs., Inc. v. United States*, 961 F.2d 951, 952-53 (Fed. Cir. 1992). Where a breach of such implied contract has occurred, "an unsuccessful bidder on a Government contract may recover its proposal preparation costs." *Id.* Thus, Rothe's theory may be that to infect the bidding process with unconstitutional race-consciousness, thereby denying equal protection, would be unfair, thereby triggering the Tucker Act's waiver of sovereign immunity through its implied contract clause.[7] It is up to the Federal Circuit to locate Rothe's claim within a particular provision of the Tucker Act.[8]

In summary, because we conclude that appellate jurisdiction is wanting in this court under 28 U.S.C. § 1295(a)(2), the appeal is TRANSFERRED to the United States Court of Appeals for the Federal Circuit.[9]

---

[7] The "implied contract" provision is not limitless, however; it confers Tucker Act jurisdiction over contracts implied in fact, but not contracts implied in law. *See Mitchell*, 463 U.S. at 218; *Bembenista v. United States*, 866 F.2d 493, 496-97 (D.C. Cir. 1989).

[8] *But see Adarand*, 515 U.S. at 210 (stating that "we express no view, however, as to whether sovereign immunity would bar" monetary relief for violation of Equal Protection Clause to compensate for loss of contract).

[9] Specifically, we dispose of the outstanding motions as follows: Defendants' motion to dismiss the appeal is DENIED. Defendants' alternative motion to transfer the appeal to the United States Court of Appeals for the Federal Circuit is GRANTED. Defendants' motion to vacate the
(continued...)

(...continued)
stay pending appeal is CARRIED WITH THE CASE. Plaintiff's alternative motion to dismiss the appeal only to the extent that it is based in part on the Little Tucker Act is DENIED. Plaintiff's alternative motion to transfer the appeal to the United States Court of Appeals for the Federal Circuit is GRANTED.