**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-20335
Summary Calendar

_____

LEON JOHNSON,

Plaintiff-Appellant,

versus

THE DEPARTMENT OF THE ARMY; ET AL.,

Defendants,

THE DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-3800)**

_____

December 22, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Leon Johnson, *pro se*, appeals the dismissal, pursuant to FED. R. CIV. P. 12(b)(6) and 56, of his civil action against the Department of the Army. He contends the district court erred by treating his action as an administrative appeal because, based on his first amended complaint, his action was a civil rights action. Johnson's first amended complaint sought injunctive relief for the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Army's claimed failure to provide certain records in violation of his equal protection and due process rights. Of course, it superseded his original complaint. *E.g., King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

"Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "The issue may be raised by parties, or by the court *sua sponte*, at any time." *Id.*

"The United States is immune from suit except as it waives its sovereign immunity." *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995). "Congress sets forth the terms of those waivers and courts may *not* exercise subject matter jurisdiction over a claim against the federal government except as Congress allows." *Id.* (emphasis added).

Johnson's complaint fails to identify any statutory provision waiving the United States' sovereign immunity with respect to his action. We will presume it was brought pursuant to the waiver of immunity set forth in 5 U.S.C. § 702. *See Rothe Dev. Corp. v. United States Dep't of Defense*, 194 F.3d 622, 624 (5th Cir. 1999). "[A] waiver [of immunity] as to injunctive relief ... can be found in § 702 of the Administrative Procedure Act [APA], which permits parties 'suffering legal wrong because of agency action' to file an

'action in a court of the United States seeking relief other than money damages'". *Id.* (quoting 5 U.S.C. § 702).

However, the APA does *not* make every action by an agency subject to judicial review. *See Taylor-Callahan-Coleman Counties Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991). "Section 704 of that Act limits judicial review to '[a]gency action made reviewable by statute and [to] final agency action for which there is no adequate remedy in a court....'" *Id.* (quoting 5 U.S.C. § 704). Johnson's complaint did *not* allege, and there is *no* indication that, the Army's alleged conduct was made reviewable by statute or constituted a final agency action. *See id.* at 957-59.

In the light of the foregoing, Johnson has *not* established that the Army waived its sovereign immunity from suit. *See id.* at 956. The judgment is **AFFIRMED** on the alternative ground of lack of subject-matter jurisdiction. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals may affirm judgment on any basis supported by the record), *cert. denied*, 507 U.S. 972 (1993).

Additionally, Johnson is warned that it is inappropriate to include derogatory comments about a district judge in documents filed with this court. Such comments invite the documents in which they are contained being stricken, as well as other sanctions. *See Theriault v. Silber*, 574 F.2d 197, 197 (5th Cir. 1978).

*AFFIRMED; SANCTIONS WARNINGS ISSUED*

3