CHRISTOPHER CROSS, INC.

v.

UNITED STATES of America

No. 03–2843.

United States District Court,
E.D. Louisiana.

Aug. 9, 2004.

Douglas L. Salzer, George R. Adams, Jr., Ajubita, Leftwich & Salzer, LLC, New Orleans, LA, for Christopher Cross, Inc.

Candice M. Turner, U.S. Department of Justice, Washington, DC, for United States of America.

## ORDER AND REASONS

LEMELLE, District Judge.

Before the Court is the Motion to Dismiss (Rec.Doc. No. 4), filed on behalf of the Defendant. After review of the pleadings, exhibits and the applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Defendant's Motion to Dismiss hereby is **GRANTED.**[1]

## BACKGROUND

On December 10, 2002, the Internal Revenue Service (IRS) issued to Plaintiff a Final Notice of Intent to Levy with respect to employment taxes for the first three quarters of 2002, assessed under 26 U.S.C. § 6656, and a tax for heavy highway vehicle use, assessed under 26 U.S.C. § 4481. On May 5, 2003, the IRS issued to Plaintiff a Final Notice of Intent to Levy with respect to employment taxes for the fourth quarter of 2002. Plaintiff filed a Request for a Collection Due Process (CDP) Hearing after each notice.

On August 19, 2003, a CDP Hearing was held, during which Plaintiff submitted an offer in compromise ("the offer") with respect to the employment taxes. The offer was returned to Plaintiff as unprocessable on August 26, 2003, by Appeals Officer Brenda Esser ("the officer"). The officer then issued a notice of determination upholding the proposed levies on September 10, 2003. In her notice, the officer explained that the offer was unprocessable because Plaintiff had not timely made federal tax deposits for the first quarter of 2003; she went on to explain that, even if it were processed, the offer would be denied because Plaintiff possessed adequate means to pay the assessed taxes.

Plaintiff filed the instant lawsuit seeking an order of the Court requiring the IRS to process and consider the Offer and in Compromise originally submitted by Plaintiff. Defendant moves to dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and under Fed.R.Civ.P. 12(b)(6) for failure state a claim upon which relief can be granted.

## DISCUSSION

### A. Lack Of Subject Matter Jurisdiction

The Court dismisses a case under Rule 12(b)(1) for lack of subject matter jurisdiction if it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction. *Ramming v. Unit-*

---

**1.** We are grateful for the work on this case by Nabeel Cheema, a University of Pennsylvania Law School extern with our chambers.

*ed States,* 281 F.3d 158, 161 (5th Cir.2001). As with a Rule 12(b)(6) motion, the Court does not dismiss a case under Rule 12(b)(1) unless it is certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992).

It is clear that the Court has jurisdiction over Plaintiff's due process challenges, because they arise out of the Constitution of the United States. There is some question, however, over whether the Court has jurisdiction over Plaintiff's other claims. It is well established that "[t]he United States enjoys sovereign immunity from suit," and that its "immunity can be waived only by act of Congress." *Rothe Dev. Corp. v. United States Dept. of Defense,* 194 F.3d 622, 624 (5th Cir.1999). Such waiver "must be expressed unequivocally in statutory text," and that statutory text "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996).

■ To support a finding of subject matter jurisdiction, Plaintiff cites 26 U.S.C. § 6330(d), pursuant to which a taxpayer may appeal a determination reached at a CDP Hearing:

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

The Tax Court is a court of limited jurisdiction. 26 U.S.C. § 7442. Generally speaking, for the Tax Court to exercise jurisdiction over a case, there must be a notice of deficiency present. *Laing v. United States,* 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); *Musso v. Comm'r,* 531 F.2d 772, 773 (5th Cir.1976). The IRS issues a notice of deficiency when it determines that a deficiency exists with respect to income, gift, estate, and certain excise taxes. 26 U.S.C. § 6212.

■ The penalties in this case, assessed under 26 U.S.C. § 6656 and 26 U.S.C. § 4481, do not qualify as deficiencies for which notices of deficiencies must be sent. Accordingly, the Tax Court lacks jurisdiction over these liabilities, and it therefore lacks jurisdiction to hear Plaintiff's appeal. Under 26 U.S.C. § 6330(d), jurisdiction over Plaintiff's appeal shifts to this Court. Therefore, the Court finds that it has subject matter jurisdiction over Plaintiff's claims.

### B. Failure To State A Valid Claim

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true Plaintiff's allegations and resolves any ambiguities or doubts regarding the sufficiency of the claim in favor of Plaintiff. *Fernandez–Montes v. Allied Pilots Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). The Court may not dismiss Plaintiff's claim unless it is beyond doubt that Plaintiff can prove no set of facts that would entitle it to relief. *Garrett v. Commonwealth Mortgage Corp. of Am.,* 938 F.2d 591, 594 (5th Cir.1991).

Under 26 U.S.C. § 7122, Congress has delegated to the IRS the authority to compromise a tax liability: "the Secretary may compromise any civil or criminal case arising under the internal revenue laws" before referring it to the Department of Justice. By providing that the Secretary *may* compromise, rather than stipulating that the Secretary must compromise, Congress granted the Secretary discretion in deciding whether to compromise.

26 U.S.C. § 7122(c) provides that "the Secretary shall prescribe guidelines for officers and employees of the Internal Reve-

nue Service to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute." Those guidelines allow an officer to return an offer as nonprocessable if the offer fails to meet certain guidelines. 26 C.F.R. § 301.7122–1(d)(2).

Plaintiff's complaint alleges that the IRS's guidelines for declaring offers unprocessable violate the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution. Plaintiff bases this assertion on the alleged right "to the offer in compromise process which is afforded taxpayers" under § 7122. However, Section 7122 does not afford taxpayers the right to have their offers considered; it only provides that the Secretary may consider an offer. Because the statute does not confer a right to compromise, it is unclear on what basis Plaintiff is alleging a violation of due process.

Plaintiff also inexplicably mentions discrimination against "similarly situated" individuals without invoking the Equal Protection Clause. To survive a Rule 12(b)(6) motion, a complaint must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir.1989). Plaintiff has not sufficiently alleged any constitutional violations and, therefore, Plaintiff's constitutional challenges hereby are dismissed.

In addition to the constitutional challenges, Plaintiff also alleges that the Secretary's decision not to process the offer of compromise violated the governing statute and was an abuse of the Secretary's authority. Plaintiff argues that the IRS's procedures for declaring offers unprocessable violate 26 U.S.C. § 6330(c)(3)(C) and 26 U.S.C. § 7122. Section 6330, and § 6330(c)(3)(c) in partic-

ular, in no way mandate that the Secretary compromise. Moreover, because § 6330 "includes no more than the bare reference" to an offer, the Court must interpret it by looking "to the provision on offers in compromise found in section 7122." *Chavez v. United States*, No. EP–03–CA–303(KC), 2004 WL 1124914, *3, 2004 U.S. Dist. LEXIS 9046, *10–11 (W.D.Tex.). As noted earlier, § 7122 states only that the Secretary may compromise, not that the Secretary must compromise. Therefore, Plaintiff can prove no set of facts demonstrating that the IRS guidelines for rejecting offers as unprocessable violate either § 6330(c) or § 7122, and Plaintiff's claim that the IRS guidelines violate those statutes hereby is dismissed.

The Court reviews the Secretary's decision not to process the offer for abuse of discretion. *Goza v. Commissioner*, 114 T.C. 176, 182, 2000 WL 283864 (2000). In returning Plaintiff's offer as nonprocessable, the officer in this case followed IRS guidelines pertaining to taxpayers who have not timely filed tax returns for the prior two quarters. Plaintiff alleges that it has filed those tax returns, but Plaintiff does not dispute that those returns were untimely filed. Therefore, Plaintiff can prove no set of facts that would demonstrate abuse of discretion on the part of the officer and the Court dismisses Plaintiff's claim as it relates to the officer's decision to return the offer as nonprocessable.

### FINAL JUDGMENT

The Court granted the Motion to Dismiss(Rec.Doc. No. 4) filed on behalf of Defendant, the United States of America in an Order and Reasons dated August 4, 2004. Entry of a final judgment is proper because the Order and Reasons dismissed all claims in the present action. Accord-

ingly, for the reasons provided in the Court's August 4, 2004 Order,

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in **favor** of Defendant, the United States of America, and against Plaintiff, Christopher Cross, Inc., dismissing all of Plaintiff's claims **against** the defendant, each party to bear its own costs.